**Kenneth R. McCROSKEY, etc., Appellant,**

v.

**BRYANT AIR CONDITIONING COMPANY et al., Appellees.**

Supreme Court of Tennessee.

April 7, 1975.

Dennis L. Tomlin, Larry L. Roberts, Nashville, for appellant.

S. McP. Glasgow, Jr., I. Dyke Tatum, Glasgow, Adams & Taylor, Nashville, for Bryant Air Conditioning Co.

John K. Maddin, Jr., Gracey, Maddin, Cowan & Bird, Nashville, for Tepsco Tennessee Pipe & Supply Corp.

W. W. McNeilly, Jr., Nashville, for Contractors Heating & Cooling, Inc.

H. Francis Stewart, Stewart & Estes, Nashville, for U. Grant Browning, and others.

### OPINION

HENRY, Justice.

This products liability action presents the question of when the statute of limitations begins to run.

### I.

The cause of action for personal injuries and wrongful death is based upon an al-

legedly defective gas furnace. Named as parties defendant are the manufacturer, the distributor, the general contractor, the sub-contractor and installer, and the owners of the apartment building. Recovery is predicated upon negligence, strict liability, misrepresentation and breach of warranty.

The record reflects that the gas furnace was manufactured in 1967 and distributed and installed on or about 9 February 1968. The injuries were sustained by Mattie J. McCroskey on 1 May 1971. Suit was filed 28 July 1971. Mrs. McCroskey died on 10 September 1971. After her death the suit was properly and timely revived, and an amended and substituted complaint was filed.

All parties moved the Court for a summary judgment upon the ground that the suit was barred by Sec. 28–304 T.C.A.

Relying primarily upon *Jackson v. General Motors*, 223 Tenn. 12, 441 S.W.2d 482 (1969) and *Ford Motor Company v. Moulton*, 511 S.W.2d 690 (Tenn.1974), and with evident reluctance (stating that he was "bound to follow (laws and decisions) even those which may be offensive to one's traditional notions of fair play and substantial justice"), the trial judge sustained all motions, held that the cause of action was barred by the one year statute of limitations, and dismissed the suit.

In complete fairness to the Trial Judge, we acknowledge the correctness of his actions when confronted, as he was, with the applicable statutory and decisional law, by which he was bound.

This Court labors under no such handicap.

## II.

The time sequence becomes important.

On the date of the sale of this product and on the date of its distribution, Sec.

28–304, T.C.A. read in pertinent part as follows:

Actions . . . for injuries to the person . . . shall be commenced within one (1) year after cause of action accrued.

On 31 January 1969 this Court filed its opinion in *Jackson v. General Motors, supra*, holding that under Sec. 28–304, T.C.A. the statute begins to run on the date of purchase of the defective commodity and not the date of the injury.

The Legislature reacted promptly and properly to correct the harsh results of this holding. Sec. 28–304 was amended,[1] by adding thereto the following:

For the purpose of this section, insofar as products liability cases are concerned, the cause of action for injury to the person shall accrue on the date of the personal injury not the date of the negligence or the sale of a product . . .

This act shall not apply to causes of action accruing prior to the effective date of this act.[2]

The Code section as thus amended was in full force and effect on the date of injury (1 May 1971) in this case.

On the surface, the suit was permitted by the Code section as amended; however, under *Jackson* the plaintiff's cause of action *accrued* on the date of sale (Feb. 9, 1968) and *expired* Feb. 9, 1969, despite the fact that the injury had not yet occurred. This conclusion is mandated by the holding of this Court in *Flynn v. Camp*, 225 Tenn. 457, 470 S.W.2d 347 (1971).

Next in point of time the Legislature in 1972 again responded by further amending[3] Sec. 28–304, T.C.A., by deleting the language providing that the 1969 act would not apply to causes of action accruing prior to its effective date and adding to the Code section the following:

1. Chapter 293, Public Acts of 1969, became effective May 20, 1969.

2. The language used is that contained in the Public Act; minor conversions were made in codification.

3. Chapter 669, Public Acts of 1972 became effective April 11, 1972.

. . . and in said products cases no person shall be deprived of his right to maintain his cause of action until one (1) year from the date of his injury and under no circumstances shall his cause of action be barred before he sustains an injury.[4]

This amendment, no doubt, was prompted by the holding of this Court in *Flynn v. Camp, supra.*

There the law stood until this Court decided *Ford Motor Company v. Moulton*, 511 S.W.2d 690 (Tenn.1974) holding that the 1972 amendment could not be applied retrospectively.

It was in this setting that the trial judge dismissed this suit. His action, followed by this appeal, forces this Court to re-examine *Jackson v. General Motors, supra.* We re-examine this case in the light of the evident public policy of our state as declared by the Legislature and of the recent decision of this Court in *Teeters v. Currey*, 518 S.W.2d 512 (Tenn.1974).

### III.

■ We approach this analysis from a standpoint of reason, logic and fundamental fairness. These are criteria by which any rule of law should be tested. When we weigh the rule of *Jackson v. General Motors, supra*, in the balance, we find it to be wanting. It is only just for us to decree that in any tort action the cause of action accrues when, and only when, the force wrongfully put in motion, produces injury. We cannot embrace or continue any rule of

law which charges a litigant with sleeping upon any right which he does not have.

We are challenged by the cogent and colorful language of Judge Jerome Frank's dissenting opinion in *Dincher v. Marlin Firearms Co.*, 198 F.2d 821 (2 Cir. 1952):

Except in topsy-turvey land, you can't die before you are conceived, or be divorced before ever you marry, or harvest a crop never planted, or burn down a house never built, or miss a train running on a non-existent railroad. For substantially similar reasons, it has always heretofore been accepted, as a sort of legal "axiom," that a statute of limitations does not begin to run against a cause of action before that cause of action exists, i. e., before a judicial remedy is available to the plaintiff. Id. at 823.

In *Campbell v. Colt Industries, Inc.*, 349 F.Supp. 166 (W.D.Va.1972) the court in holding that, whether based on negligence or breach of warranty, a cause of action for personal injuries did not accrue until the injury occurred, quoted from the Virginia case of *Caudill v. Wise Rambler, Inc.*, 210 Va. 11, 168 S.E.2d 257 (1969), as follows:

Obviously, since the plaintiff had not been injured at the time she purchased the car, she could not then maintain an action for her injuries. To say, then, that her right of action accrued before her injuries were received is to say that she was without remedy to recover damages for her alleged injuries. Such an unjust and inequitable result is not the purpose of statutes of limitation. They are de-

---

**1.** Sec. 28–304 now provides:

Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and actions for statutory penalties shall be commenced within one (1) year after cause of action accrued. For

the purpose of this section, insofar as products liability cases are concerned, the cause of action for injury to the person shall accrue on the date of the personal injury not the date of the negligence or the sale of a product and in said products cases no person shall be deprived of his right to maintain his cause of action until one (1) year from the date of his injury and under no circumstances shall his cause of action be barred before he sustains an injury.

signed to compel the prompt assertion of an accrued right of action; not to bar such a right before it has accrued.

A right of action cannot accrue until there is a cause of action . . . In the absence of injury or damage to a plaintiff or his property, he has no cause of action and no right of action can accrue to him . . . Or, to state the matter another way, a plaintiff's right of action for damages for personal injuries does not accrue until he is hurt. Id. at 168.

In *Everhart v. Rich's Inc.,* 229 Ga. 798, 194 S.E.2d 425 (1972) the Supreme Court of Georgia, in a products liability case, held:

(t)he statute of limitations generally begins to run at the time damage caused by a tortious act occurs, at which time the tort is complete. 194 S.E.2d at 428.

The Court of Appeals of Michigan in *Parrish v. B. F. Goodrich,* 46 Mich.App. 85, 207 N.W.2d 422 (1973), also a products liability case, citing *Connelly v. Paul Ruddy's Equipment Repair and Service Co.,* 388 Mich. 146, 200 N.W.2d 70 (1972) held:

(a) cause of action for damages arising out of a tortious injury to a person *accrues* when all the elements have occurred and can be alleged in a complaint. 207 N.W.2d at 424.

Our own Chief Justice dissented from the majority opinion in *Ford Motor Company v. Moulton, supra.* We quote from his dissent:

The following principles are stated concisely in Hodge v. Service Machine Company, 438 F.2d 347 (6th Cir. 1971).

"A cause of action accrues when a suit may be maintained upon it. Black's Law Dictionary 37 (4th ed. 1951). A suit may not be brought upon a cause of action until it exists, and a cause of action does not exist until all its elements coalesce. In civil actions for damages, two elements must coalesce before a cause of action can exist: (a) a breach of some legally recognized duty owed by the defendant to the plaintiff; (b) which causes the plaintiff some legally cognizable damage."

To hold that a products liability action, which is a recognized legal right, is barred by a statute of limitations before any injury is sustained, deprives a person of the opportunity of redress for an injury done him in his goods or person by due process of law, contrary to our Constitution. 511 S.W.2d at 697.

Lastly, we come to our recent case of *Teeters v. Currey, supra.* We said, in pertinent part:

We find it difficult to embrace a rule of law requiring that a plaintiff file suit prior to knowledge of his injury or, phrasing it another way, requiring that he sue to vindicate a non-existent wrong, at a time when injury is unknown and unknowable.

\*　　\*　　\*　　\*　　\*　　\*

(T)he public policy of our state is opposed to re-requiring that suit be filed when circumstances totally beyond the control of the injured party make it impossible for him to bring suit.

\*　　\*　　\*　　\*　　\*　　\*

We here merely recede from prior cases in order to establish a rule which we are convinced will be productive of results more nearly consonant with the demands of justice and the dictates of ethics and morality.

We again recede—prompted by the same demands and dictates. We overrule *Jackson v. General Motors.*

The results we reach are wholly independent of the amendments to Sec. 28–304. We need not apply them. The result is that we do not reach the matter of their retrospective application. We, therefore, neither re-affirm nor reverse *Ford Motor Company v. Moulton*, but we have quoted, with approval, from the dissent of our present Chief Justice.

We hold that in tort actions, including but not restricted to products liability actions ("conceived in an illicit intercourse of tort and contract") [5] predicated on negligence, strict liability or misrepresentation,[6] the cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered. All cases contra are overruled.

## IV.

This leaves for consideration the applicable statute governing so much of this action as is founded on breach of warranty.

We trace the relevant history in this jurisdiction.

In Bodne v. Austin, 156 Tenn. 353, 2 S.W.2d 100 (1928) this Court applied the one-year statute of limitation to a personal injury action predicated on a contract relation.

In *Albert v. Sherman*, 167 Tenn. 133, 67 S.W.2d 140 (1933), the Court held that an action for injuries to the person, whether viewed as sounding in contract or tort, is governed by the one-year statute.

To the same effect is *Bland v. Smith*, 197 Tenn. 683, 277 S.W.2d 377 (1955). See also *Hackworth v. Ralston Purina*, 214 Tenn. 506, 381 S.W.2d 292 (1964) applying the three-year statute to a breach of warranty case.

As a result of these and satellite decisions, the law was established in Tennessee that the one-year statute of limitation governed personal injury actions and the three-year statute governed property damage, irrespective of the nature (tort or contract) of the claim of damage.

But these decisions were rendered before the adoption of the Uniform Commercial Code, or in cases not arising under the Code.

Sec. 47–2–725 [7] contains the statute of limitations applicable to breach of warranty actions arising after midnight on June 30, 1964. It provides in pertinent part:

(1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

This section came under the scrutiny of this Court in *Layman v. Keller Ladders, Inc.*, 224 Tenn. 396, 455 S.W.2d 594 (1970). Plaintiff's products liability suit was predicated upon (1) negligence, (2) breach of warranties and (3) strict liability. The Court held in substance that the principles articulated in *Bodne* and *Hackworth* were no longer valid in breach of warranty actions. It was pointed out that the old Sales Act, which was repealed by the U.C.C., did not contain a specific statute of limitations, which led to the dilemma of deciding whether the six-year statute for contracts or the one-year statute for personal injuries should govern. The Court further observed that the U.C.C. reached the problem by affording a specific limitation period. Therefore, the Court concludes:

(W)e are of the opinion that Section 47–2–725 should control in all actions where-

---

5. Prosser, The Fall of the Citadel, 50 Minn.L. Rev. 791, 800 (1965).

6. Misrepresentation is a tort. See Restatement (Second) of Torts, Sec. 402B(1965).

7. Adopted, by Chapter 81, Public Acts of 1963.

in a breach of warranty of a contract of sale is alleged, irrespective of whether the damages sought are for personal injuries or injuries to property. However, as to counts alleging common law negligence and strict liability, the one or three-year statutes are still applicable.

We reaffirm this as a general statement of the law. We note however, that the wording of Sec. 47–2–725 is deficient in clarity and, no doubt, will be productive of future litigation which ultimately will result in its refinement. For the time being we are content to hold that this statute, as adopted by our Legislature, contemplates that actions based on breach of warranty, be brought within four years after a tender of delivery is made, subject to the exceptions contained therein.[8]

The decision of the trial judge is reversed and this cause is remanded for further proceedings consistent with this opinion. The costs of this appeal are divided equally among the appellees.

FONES, C. J., and COOPER and BROCK, JJ., concur.

HARBISON, J., not participating.

## OPINION ON PETITION TO REHEAR

HENRY, Justice.

Counsel for Bryant Air Conditioning Company and Tennessee Pipe and Supply Corporations, have filed courteous and dignified petitions to rehear.

While they essentially re-argue matters previously briefed and argued and basically rely upon the authorities heretofore presented, out of deference to the obviously sincere conviction of able counsel, we have elected to respond to the petitions.

The petition of Bryant Air Conditioning Company insists (1) that it had a vested right under the statute as it existed on May

20, 1969; (2) that the decision of this Court may not be made properly, independent of the statute; and (3) that under the 1969 amendment to Section 28–304 T.C.A., the cause of action accrued more than one year prior to the institution of this action and the 1969 amendment is controlling.

A careful reading of the opinion will reveal that these matters were considered and decided adversely to petitioner's insistence. In the interest of clarity we restate, clarify and amplify this portion of the original opinion.

On 31 January 1969, when this Court filed its opinion in *Jackson v. General Motors*, 223 Tenn. 12, 441 S.W.2d 482 (1969), Section 28–304, T.C.A. simply provided that actions for personal injuries "shall be commenced within one (1) year *after cause of action accrued*". In *Jackson* the Court, in effect, defined the phrase "the cause of action accrued", to mean and be synonymous with "date of sale".

Independent of *any* amendment, we receded from *Jackson* and held that the cause of action accrues "when the injury occurs or is discovered".

Obviously, the 1969 amendment was enacted to meet the holding of *Jackson*. Under Section 1 of that amendment, the cause of action is made to "accrue on the date of the personal injury". Under Section 2, it is provided that the amendment would "not apply to causes of action accruing prior to the effective date of this act", which was May 20, 1969.

It should be noted that the cause of action in this case did not accrue until May 1, 1971, or almost two years after the 1969 amendment.

A major thrust of the petition to rehear is that the effect of Section 2 was to codify the *Jackson* "date of sale" rule with the result that the statute began to run from that date as opposed to the date of the injury or its discovery.

---

8. The trial judge, on remand, will want to consider the applicability of Sec. 28–314 et seq., T.C.A., which we have not dealt with since not directly at issue in this appeal.

We reject this contention. The whole purpose of the 1969 amendment was to avoid the consequences of *Jackson.* The underpinning of the statute having been stricken by this Court, Section 2 of the amendment is stripped of all validity and vitality, if, indeed, it was ever clothed with such attributes.

Section 2 of the 1969 amendment must be read in the light of a cause of action that had already accrued *and expired* before it would stand as a bar to any suit. Again, in this case, the cause of action did not accrue until after the effective date of the 1969 amendment. The rule announced in *Girdner v. Stephens*, 48 Tenn. 280 (1870), relied upon by the petitioner, is not at variance with this holding and does not support petitioner's insistence since it deals with a statute that "had otherwise expired". Any other construction would operate to render this Section 2 unconstitutional. Petitioners had no vested right under the 1969 statute.

We did not address the issue of the retrospective application of laws since we applied no law retrospectively.

Petitioners insist that the 1969 amendment is controlling and simultaneously they assert that "the cause of action accrued, prior to May 20, 1969, when the *date of the negligence or sale of the product occurred*". This is in the very teeth of the amendment which fixes the accrual as being "*the date of the personal injury not the date of the negligence or the sale of the product*". This construction can only follow if we ignore Section 1. Petitioner ignores this Section 1, and treats Section 2 as if it relates to and codifies the *Jackson* rule, and bears no relation to the other section of the amendment. We reject this insistence.

Petitioner insists that the Court has "legislated" in reaching its decision in defining or redefining the accrual date of the cause of action. We cannot assume that the Legislature would adopt a statute which would deny redress to a citizen by requiring that he sue prior to knowledge of his injury.

We, therefore, adopted a discovery rule in order to validate the statute and prevent a plain deprivation of justice. While it was mere coincidence that the rule adopted by this Court closely parallels the 1972 amendment, it bolsters our belief that the Legislature and this Court were attempting to arrive at a just conclusion.

The petition of Tennessee Pipe and Supply Corporation raises additional questions.

First, it is insisted that so much of this action as sounds in breach of warranty should be dismissed. The only issue, as raised by the pleadings before this Court at this time, is that of the statute of limitations. The privity issue is not before the Court.

Next, this petitioner insists that the Court's opinion permits the *possible* construction that a suit for personal injuries may be brought more than one year after the injury occurs in violation of the 1972 amendment to Section 28–304, T.C.A. The main opinion is clear. It requires the *definite* construction that a suit for personal injuries may be brought more than one year after the injury occurs, provided it is brought within one year after it is discovered or in the exercise of reasonable care and diligence should have been discovered. This is the sense of Section 28–304, in its present form.

Lastly, this petitioner insists that there is a conflict between Section 28–304, and Section 47–2–725, T.C.A. Perhaps so. But only to the extent that the demarcation between cases which are "essentially tort" and those which are "essentially warranty", is sometimes blurred. As a general rule Section 28–304 T.C.A. is applicable to strict tort cases, whereas Section 47–2–725 applies to warranty actions.

We overlooked nothing in our main opinion. We have reconsidered the case in its entirety and have overlooked *nothing* in this opinion, although we have prepared it on a selective basis and have not dealt

seriatim with the numerous assertions of the two rather elaborate petitions. We have dealt with the controlling issues.

The costs incident to these petitions are taxed against petitioners.

FONES, C. J., and COOPER and BROCK, JJ., concur.

HARBISON, J., did not participate.