Robert B. SULLIVANT and Willola V. Sullivant, Husband and Wife, Appellants,

v.

AMERICANA HOMES, INC., a corporation; Melba Investors Southwest, Inc., a corporation; the Hildebrand Company, a corporation, Appellees.

Court of Appeals of Tennessee, Western Section.

May 27, 1980.

Application for Permission to Appeal Denied by Supreme Court Sept. 15, 1980.

James F. Schaeffer, Memphis, for appellants.

R. Grattan Brown, Jr. and William Thomas Newton, Memphis, for appellee, Americana Homes, Inc.

J. Murray Milliken and Wesley D. Turner, Nashville, for appellee, Melba Investors Southwest, Inc.

Joseph M. Cook, Memphis, for appellee, Hildebrand Co.

NEARN, Judge.

This case arises out of the purchase of a condominium by the Sullivants.

All of the defendants moved the Trial Court, under Rule 12.02(6) T.R.C.P., to dismiss the complaint for failure to state a claim upon which relief can be granted. The Trial Judge granted the motions without specifying his reasons. The plaintiffs appeal.

No affidavits were filed. The complaint must stand on its own as there is nothing else for us to consider.

We deem it appropriate to here copy the complaint which is in two counts and avers:

"Come now plaintiffs and for cause of action against the defendants would allege as follows:

JURISDICTION & VENUE

"1. Plaintiffs are each residents of Shelby County, Tennessee.

"2. Defendant Americana Homes, Inc., is a corporation licensed and authorized to transact business in the State of Tennessee and all times pertinent herein was so engaged [in] the transaction of business in Shelby County, Tennessee.

"3. Defendant Melba Investors Southwest, Inc., is a corporation licensed and authorized to transact business in the State of Tennessee and at all times pertinent was so engaged in the transaction of business in Shelby County, Tennessee.

"4. Defendant The Hildebrand Company is a corporation licensed and authorized to transact business in the State of Tennessee and at all times pertinent was so engaged in the transaction of business in Shelby County, Tennessee.

"5. Plaintiffs' cause of action against the defendants arises in tort and contract for misrepresentation and deceit by defendants in the sale of real property to plaintiffs in Shelby County, Tennessee.

## FACTS

"6. Defendant Melba Investors Southwest, Inc. on or before September 1, 1977 were the owners of record of a condominium development commonly known as "Bavarian Village", including unit 74 of said complex, all of which was located in Shelby County, Tennessee.

"7. At all times herein pertinent, defendant Americana Homes, Inc., served as the agent of Melba Investors Southwest, Inc., in the management and maintenance of the Bavarian Village Development.

"8. At all times herein pertinent, defendant The Hildebrand Company was serving as the real estate agent to procure the sale of various condominiums in the Bavarian Village complex.

"9. Prior to September 1, 1977, plaintiffs entered into a contract of sale to purchase unit 74 of the development known as "Bavarian Village" in Germantown, Shelby County, Tennessee.

"10. Prior to plaintiffs entering into the contract of sale and prior to closing of the sale, defendants knew, or within the exercise of reasonable care should have known, that there existed a serious seepage or drainage problem in the development including unit 74.

"11. Notwithstanding such knowledge, defendants failed to disclose to plaintiffs and concealed from them the information that such a problem existed in the condominium development and in unit 74.

"12. In the late fall of 1977, plaintiffs first noticed that the condominium unit had serious defects in that excessive moisture was present on the floors in various parts of the condominium unit.

"13. Pursuant to a one-year warranty, plaintiffs gave defendants notice of the problem and defendants caused inquiry to be made into the source of such problem.

"14. Some action was taken by defendants. Notwithstanding such action, the problem recurred in the Spring, 1978 and apparently is unresolved.

"15. Plaintiffs have attempted to cooperate with defendants in resolving the problem, have incurred some expenses for installation of an electrostatic unit to alleviate the unhealthy effect of the seepage problem and have suffered other losses which will be set forth hereinafter.

## WRONGS COMPLAINED OF

"16. Defendant Americana Homes, Inc. and The Hildebrand Company have been guilty of the following wrongs, all of which proximately which have resulted in damages to plaintiffs:

"A. In knowingly or negligently representing to plaintiffs that the condominium unit was fit for habitation;

"B. In knowingly or negligently failing to disclose to plaintiffs the fact that a seepage or drainage problem existed in the condominium unit prior to the time of the sale.

"17. Defendant Melba Investors Southwest, Inc. is likewise liable to plaintiffs for the aforedescribed wrongs committed by their agents under the doctrine of agency. Melba Investors Southwest, Inc. is additionally liable to plaintiffs for damages sustained by plaintiffs as a proximate result of the negligent failure of defendant Melba Investors Southwest, Inc. in construction of the condominium

units, said negligence resulting in the seepage or drainage problem herein referred to.

## INJURIES & DAMAGES

"18. As a direct and proximate result of the aforedescribed wrongs committed by defendants herein, plaintiffs have been caused to suffer and incur the following damages:

"A. Some expenses by plaintiff to alleviate the seriousness of the condition, including the purchase of an electrostatic unit;

"B. Diminished value in the property as it actually exists with the aforedescribed defect is of considerably less value than it would be had no such problem existed.

## RELIEF SOUGHT

"WHEREFORE, plaintiffs, Robert B. Sullivant and Willola V. Sullivant, sue the defendants herein, jointly and severally, for the sum of Thirty Thousand Dollars ($30,000) damages and respectfully demand a trial by jury.

## COUNT II

"Come now plaintiffs and reiterate each and every allegation or paragraphs 1 through 18, the same as if hereby specifically set forth and realleged and for further cause of action would show as follows:

"19. Plaintiff, Willola Sullivant, has suffered throughout her life intermitently [sic] from a lung condition known as Asthma.

"20. Prior to September 1, 1977, plaintiff, Willola Sullivant, had been relatively symptom free of this lung condition and was in reasonably good health.

"21. From and since September 1, 1977, plaintiff has been caused to suffer more and more frequent attacks of asthma, causing her extreme suffering and anguish.

"22. In approximately January, 1978, plaintiffs were first advised and first learned that the exacerbation of asthamatic [sic] condition was in all probability due to the excessive moisture caused by the seepage or drainage problem hereinabove referred to.

"23. Despite efforts to minimize the harmful effects of the seepage or drainage problem, plaintiff has continued to suffer recurrent acts [sic] of asthma.

"24. Plaintiff, Willola Sullivant, alleges that the wrongs committed by defendants herein as set forth above consitute [sic] a proximate cause of the recurrent attacks of asthma.

"25. As a direct and proximate result of the wrongs hereinabove referred to, plaintiff has been caused to suffer and incur the following damages:

"A. Severe, frequent attacks of asthma;

"B. Severe suffering and mental anguish;

"C. Large medical expenses;

"D. Impaired ability to enjoy the normal pleasures of life.

## RELIEF SOUGHT (II)

"WHEREFORE, plaintiff, Willola Sullivant, sues the defendants herein for the sum of One Hundred Thousand Dollars ($100,000) damages and demands a trial by jury."

It should be noted that the complaint charges that the causes of action arise in tort and contract "for misrepresentation and deceit". Further, that in paragraph 11 of the first Count it is charged that all defendants "failed to disclose to plaintiffs and concealed from them the information that such a problem existed...."

Our Supreme Court has recently quoted the United States Supreme Court to the effect that "It is well established that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.' " *Fuerst v. Methodist Hospital South* (1978 Tenn.) 566 S.W.2d 847, 848 [quoting *Conley v. Gibson*,

355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)]. In scrutinizing the complaint in the face of a 12.02(6) motion, "the court should construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true." *Huckeby v. Spangler* (1975 Tenn.) 521 S.W.2d 568, 571.

Applying these rules in the instant case, we have a complaint which charges all defendants with misrepresentation, deceit, failure to disclose a serious defect and the concealment of information regarding said defect.

■ As to the first count, the several briefs of the appellees cite us to various authorities for the proposition that "absent an affirmative misrepresentation on the part of the vendor to the purchaser, or the existence of a fiduciary relationship between the parties, there is no duty to disclose non–inherently dangerous defects." All of this may be well and good, but the instant complaint does charge both misrepresentation and concealment and therefore the principles as to nondisclosure have no application until such time as the charges of misrepresentation and concealment are shown to be without substance.

In our view the complaint sufficiently charges fraud. It charges misrepresentation, deceit, and concealment, and minimally sets forth the facts as required by Rule 9.02 T.R.C.P. True, it does not actually employ the word "fraud", but such is unnecessary as fraud is a legal conclusion drawn from facts.

In an attempt to separate itself from the other defendants, Hildebrand complains that it is merely the manager and maintenance company for the development and is not alleged to be a party to the sales contract. Therefore, Hildebrand argues that the motion to dismiss was proper as to them. We hold it was not. An alleged participant to a fraud does not have to be an alleged party to the contract before recovery can be had. See *Cooper v. Cordova Sand & Gravel Co., Inc.* (1971 Tenn.App., W.S.) 485 S.W.2d 261.

■ As to the second count, the complaint clearly states that Willola Sullivant was not aware of the fact that defendants had caused her harm until she was advised (and we must presume such advice was medical) that her exacerbated asthmatic condition was caused by the dampness of her living conditions. The defendants argue that the complaint states that she began to have an increase in asthmatic attacks about September 1, 1977, when plaintiff first occupied the premises, and that the one year statute of limitations set forth in T.C.A. § 28–304 (Supp. 1979) runs from that date. Hence, defendants contend that the recovery for personal injuries based on a complaint filed in November of 1978, was barred. This is nothing more than an assertion that plaintiff should have known on September 1, 1977, that her injuries were a result of the defendants' actions. Perhaps she should have. Perhaps not. In either event, it is not for counsel or Court to decide that fact on motion to dismiss. In *McCroskey v. Bryant Air Conditioning Co.* (1975 Tenn.) 524 S.W.2d 487, 493 it was held (and reiterated in the opinion on petition to rehear) that "a suit for personal injuries may be brought more than one year after the injury occurs, provided it is brought within one year after it is discovered or in the exercise of reasonable care and diligence should have been discovered." Whether or not Willola Sullivant exercised reasonable care and diligence to discover that she had a compensable injury is a fact for a jury to determine.

For these reasons we are of the opinion the Trial Judge erred in granting the motions to dismiss and we reverse that judgment and remand to the Trial Court for further proceedings.

Costs of appeal are adjudged against appellees.

Done at Jackson in the two hundred and fourth year of our Independence and in the one hundred and eighty–fifth year of our Statehood.

SUMMERS and EWELL, JJ., concur.