**Belle Zona HARRIS, widow, and next of kin of John M. Harris, Jr.**

v.

**TENNESSEE VALLEY AUTHORITY and E. K. Bratton, M. D.**

**Civ. No. 3–80–385.**

United States District Court, E. D. Tennessee, N. D.

Nov. 26, 1980.

cized to his brain. He died in July, 1980. While she does not allege that her husband's job with TVA caused the cancer, plaintiff claims that defendants' failure to inform him of the x-ray deprived him of the opportunity to seek early treatment of his condition which could have resulted in its control or cure. (Complaint, ¶¶s 5 and 9)

Defendants have moved to dismiss or, in the alternative, for summary judgment. They raise the applicable statute of limitations, executive immunity, lack of duty, and the exclusivity of the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101 et seq.

We hold that plaintiff's action against Dr. Bratton is barred by the absolute immunity doctrine announced in *Barr v. Mateo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). We are of the opinion that *Estate of Burks v. Ross*, 438 F.2d 230 (6th Cir. 1971) is controlling on this issue, and we are bound to follow it. In that case it was held that the Director of Neuro-psychiatry at a Veterans Administration Hospital enjoyed absolute immunity from a suit arising from the death of a patient who had escaped from the hospital. Judge Weick, speaking for the Court, said:

> While Dr. Ging had less discretion [than the Director of the hospital] nevertheless in her diagnosis and treatment of patients and in her supervisory powers over other employees she was vested with discretion. She is entitled to immunity from suit. 438 F.2d at 235.

Plaintiff does not dispute that on July 26, 1976, and for about one month thereafter, Dr. Bratton was project physician at the medical office of TVA's Hartsville Nuclear Plant Construction Project; that as project physician he had full responsibility for the execution of TVA's medical services programs there; and that at all times material, Dr. Bratton was acting within the outer perimeter of his line of duty. (See affidavit of E. K. Bratton.) Rather, plaintiff points out that the discretion exercised by Dr. Bratton was medical rather than governmental, and asks us to follow the 10th Cir-

Robert E. Pryor, Atty. at Law, Knoxville, Tenn., for plaintiff.

Herbert Sanger, Jr., Gen. Counsel, Justin M. Schwamm, Sr. Asst. Gen. Counsel, James E. Fox, Asst. Gen. Counsel, Robert E. Washburn, Tennessee Valley Authority, Knoxville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

In this case, plaintiff sues Tennessee Valley Authority (TVA) and Dr. E. K. Bratton for damages for the death of her husband. She alleges that her husband was not informed of a "significant abnormality" which was apparent on a chest x-ray taken in connection with his pre-employment physical examination on July 26, 1976. Plaintiff alleges that her husband did not discover that there was anything wrong with him until he "collapsed" while working for TVA on May 9, 1978. Tests made then revealed that plaintiff's husband was suffering from lung cancer which had metasti-

**320**

cuit case of *Jackson v. Kelly*, 557 F.2d 735 (1977). We feel obliged to follow our own Circuit in this matter, however, and hold that Dr. Bratton must be dismissed from this case.

Plaintiff seeks to hold TVA liable vicariously as well as for independent negligence. Since any vicarious liability is based on the negligence of Dr. Bratton (Complaint, ¶ 6) that theory can no longer survive.

■ Whether there exists an independent ground for liability of TVA depends on whether TVA had a duty to inform plaintiff's husband of the lung abnormality revealed by the x-ray. During oral argument on these motions, the Court indicated to counsel for the plaintiff that it had grave doubts whether such a duty existed, but took the matter under advisement. Since then, we have discovered the case of *Union Carbide and Carbon Corp. v. Stapleton*, 237 F.2d 229 (6th Cir. 1956), which we feel clearly establishes such a duty on the part of the employer. Frankly, we are a little surprised that plaintiff's counsel has not relied on it more heavily, although, in fairness, it is mentioned in his brief.

In *Stapleton*, plaintiff sued his former employer for failure to inform him of a tubercular condition which became known to the defendant company through required physical examinations during employment. Although plaintiff knew of a dormant lung condition caused by mustard gas poisoning during World War I, he was unaware of the tubercular condition. Justice (then Judge) Potter Stewart recited the issue and clearly identified the answer:

> The question here . . . is whether the appellant [company] itself had a duty to warn [plaintiff] of a danger known to it and unknown to him. Written records of the detailed and accurate findings of the appellant's physicians were, from the first examination to the last, in the custody of the appellant company. . . .
> Failure of the appellant to disclose to [plaintiff] what his records showed his condition to be was clearly a violation of its duty to exercise ordinary care for his safety. By remaining silent, the appellant permitted [plaintiff] to rely upon a tacit assurance of safety despite its knowledge of the existence of danger. 237 F.2d at 232.

Thus, TVA had a duty to inform plaintiff of a condition detrimental to plaintiff's health known to it but unknown to plaintiff.

■ Defendant TVA also relies on the statute of limitations and the exclusiveness of the remedy provided under FECA. In its present posture, this case is not a medical malpractice case. *See, Stapleton, supra* at 232. Therefore, the applicable statute of limitations is one (1) year from accrual of the cause of action, T.C.A. § 28–304; that is to say, one year from the date on which, in the exercise of reasonable diligence, plaintiff should have discovered the existence of his condition. *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487 (Tenn. 1975). When plaintiff should have discovered his condition presents a clear question of fact for the jury.

In addition, we are of the opinion that questions of fact abound with respect to whether plaintiff's injury was "sustained while in the performance of his duty" as a TVA employee for the purposes of FECA.

Since resolution of the issues raised by defendants' motions required us to consider matters outside the pleadings, we treat them as motions for summary judgment. Fed.Rules Civ.P. 12(b).

For the foregoing reasons, it is ORDERED that defendant E. K. Bratton's motion for summary judgment be, and the same hereby is, granted. It is further ORDERED that defendant TVA's motion for summary judgment be, and the same hereby is, denied.

Order accordingly.