Naomi Merritt GOSNELL,
Plaintiff-Appellant,

v.

ASHLAND CHEMICAL, INC., Ashland Oil, Inc., BASF Wyandotte Corporation, Wyandotte Paint Products Company, Exxon Corporation, Spraylat Corporation, Defendants-Appellees.

Court of Appeals of Tennessee,
Eastern Section.

Jan. 20, 1984.

Rehearing Denied March 6, 1984.

Application for Permission to Appeal
Denied by Supreme Court
May 21, 1984.

William N. Groover and Edward M. Graves, Jr., Knoxville, for plaintiff-appellant.

Louis C. Woolf and John A. McReynolds, Knoxville, for defendants-appellees Ashland Chemical, Inc., Ashland Oil, Inc., and Exxon Corp.

R. Franklin Norton and Gary G. Spangler, Knoxville for defendant-appellee BASF Wyandotte Corp.

J.W. Baker, Jr., Knoxville for defendant-appellee Wyandotte Paint Products Co.

Ray J. Campbell, Jr., Knoxville for defendant-appellee Spraylat Corp.

## OPINION

GODDARD, Judge.

Naomi Merritt Gosnell, Plaintiff-Appellant, appeals the summary judgment granted the Defendants-Appellees, in her wrongful death claim. The Appellant maintains that she is within the statute of limitations for wrongful death suits, T.C.A. 28–3–104, by virtue of the "discovery" rule.

In her complaint of March 11, 1983, the Appellant alleged that (1) she was the widow of Bobby Edward Merritt, who died of acute leukemia on September 14, 1981, (2) Mr. Merritt had been employed as a painter and mixer at a manufacturing facility for over 30 years, during which time he had been exposed to various paints, thinners, and solvents manufactured by the Defendants-Appellees, and (3) as a result of his exposure Mr. Merritt contracted the leukemia which eventually resulted in his death. The Appellant sued for wrongful death on grounds of strict liability, negligence, and breach of warranty, asking for $1,250,000 in compensatory damages and $1,000,000 in punitive damages.

The Appellees filed for summary judgment maintaining that the action was barred by a one-year statute of limitations, T.C.A. 28–3–104, in that the Appellant's decedent died on September 14, 1981, and the complaint was not filed until March 11, 1983. The Appellant filed an affidavit which stated that she did not learn of the

possible connection between her husband's illness and exposure to solvents and chemicals until she read a newspaper article in February 1983. The article reported that a suit had been filed for the wrongful death of one of Mr. Merritt's co-workers, who had also died of leukemia, against various paint manufacturers on the basis of exposure to industrial solvents. The Appellant stated that until this article she had no knowledge of the connection and she immediately filed suit upon receiving the information. The Appellant also filed the death certificate and pathology report of the deceased co-worker. With this evidence the Trial Judge granted the Appellees' summary judgment motion based upon the bar of the statute of limitations, T.C.A. 28-3-104. The Trial Judge allowed the Appellant 30 days to file additional records and exhibits and the Appellant then filed copies of her husband's medical records and autopsy report.

▆ In their arguments on appeal both parties agree that the proper statute of limitations in this case is T.C.A. 28-3-104,[1] which provides for a one-year statute of limitations. This statute has been construed to begin running "when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered." *McCroskey v. Bryant Air Conditioning Company,* 524 S.W.2d 487 (Tenn.1975). Accord: *Hoffman v. Hospital Affiliates, Inc.,* 652 S.W.2d 341 (Tenn.1983). Therefore, the issue in this case concerns whether the Appellant exercised reasonable care and diligence in discovering that the Appellees' acts may have caused her husband's illness and ultimate death, and whether this issue was properly disposed of by the Court sustaining a summary judgment motion.

We find the decision of *Sullivant v. Americana Homes, Inc.,* 605 S.W.2d 246 (Tenn.App.1980), to be controlling on this issue. This Court stated (at page 249):

As to the second count, the complaint clearly states that Willola Sullivant was not aware of the fact that defendants had caused her harm until she was advised (and we must presume such advice was medical) that her exacerbated asthmatic condition was caused by the dampness of her living conditions. The defendants argue that the complaint states that she began to have an increase in asthmatic attacks about September 1, 1977, when plaintiff first occupied the premises, and that the one year statute of limitations set forth in T.C.A. § 28-304 (Supp.1979) runs from that date. Hence, defendants contend that the recovery for personal injuries based on a complaint filed in November of 1978, was barred. This is nothing more than an assertion that plaintiff should have known on September 1, 1977, that her injuries were a result of the defendants' actions. Perhaps she should have. Perhaps not. In either event, it is not for counsel or Court to decide that fact on motion to dismiss. In *McCroskey v. Bryant Air Conditioning Co.* (1975 Tenn.) 524 S.W.2d 487, 493 it was held (and reiterated in the opinion on petition to rehear) that "a suit for personal injuries may be brought more than one year after the injury occurs, provided it is brought within one year after it is discovered or in the exercise of reasonable care and diligence should have been discovered." *Whether or not Willola Sullivant exercised reasonable care and diligence to discover that she had a compensable injury is a fact for a jury to determine.* (Emphasis added.)

▆ Likewise in this case the Appellant stated that she was unaware of the link between her husband's illness, leukemia, and the Appellees' businesses, until over one year after her husband's death. Similarly, the Appellees maintain that the Appellant was not diligent in discovering the possible connection. However, as pointed out by the *Sullivant* Court, reasonable care and diligence in discovering a compensable injury is a question of fact for the jury unless, of course, viewing the

---

**1.** This statute was previously T.C.A. 28-304.

facts in the light most favorable to the Appellant, there exists no genuine issue of any material fact. *Taylor v. Nashville Banner Publishing Co.,* 573 S.W.2d 476 (Tenn.App.1978). Here the Appellees merely alleged that the Appellant was not reasonably diligent but did not present evidence which would justify a summary judgment.[2] *Teeters v. Currey,* 518 S.W.2d 512 (Tenn.1974).

For this reason the Trial Court is reversed and the case remanded for further proceedings. Costs of appeal are adjudged against the Appellees equally.

SANDERS and FRANKS, JJ., concur.

## OPINION ON PETITION TO REHEAR

GODDARD, Judge.

Counsel for the Defendants, Ashland Chemical, et al., have filed a courteous petition to rehear, contending that we misapprehended and overlooked certain legal issues and prior law concerning the discovery rule and Rule 56 of the Tennessee Rules of Civil Procedure for summary judgment. We take this opportunity to clarify the earlier opinion.

As pointed out in the opinion, the discovery rule provides that the statute begins running "when the injury occurs or is discovered, *or when in the exercise of reasonable care and diligence, it should have been discovered.*" (Emphasis added.) *McCroskey v. Bryant Air Conditioning Company,* 524 S.W.2d 487 (Tenn.1975). This rule applies to the wrongful death statute, T.C.A. 28–3–104.[1]

Rule 56.03 of the Tennessee Rules of Civil Procedure provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." As this Court recently stated "[a] party who moves for summary judgment has the burden of showing that no genuine issue of a material fact exists, and the Court in ruling on the motion must view the record in the light most favorable to the opponent of the motion." *Keystone Insurance Company v. Griffith,* 659 S.W.2d 364 (Tenn.App.1983).

The Defendants presented no affidavits or testimony to support their motion for summary judgment, but defended by stating that the action was barred by the one-year statute of limitations of T.C.A. 28–3–104. In the case at bar the Plaintiff placed her reasonable diligence in discovering the alleged cause of her husband's death at issue in her affidavit. The Defendants did not meet their burden of showing no genuine issue of material fact existed as to the Plaintiff's reasonable diligence and, therefore, their motion for summary judgment fails.

We also point out that this finding has no bearing on the burden of proof at trial, which in this case would require the Plaintiff to prove that she acted with reasonable diligence. Our holding is only in regard to the movant's burden on a motion for summary judgment.

The petition to rehear is accordingly overruled at the cost of the Defendants.

SANDERS and FRANKS, JJ., concur.

---

2. We note that at trial the burden would be on the plaintiff to prove reasonable diligence in discovery. *Security Bank & Trust Co. et al. v. Fabricating, Inc., et al.,* 673 S.W.2d 860 (Tenn. 1983).

1. T.C.A. 28–3–104 provides Tennessee's statute of limitations for personal tort actions, including those for wrongful death.