James T. GIBSON, Plaintiff-Appellant,

v.

**LOCKWOOD PRODUCTS DIVISION OF J.L. UNDERWOOD, Defendant,**

**Loren Cook Company, and R.D. Herbert & Sons, Defendants-Appellees.**

Court of Appeals of Tennessee,
Middle Section at Nashville.

Oct. 29, 1986.

Application for Permission to Appeal Denied by Supreme Court Feb. 2, 1987.

William B. Vest, Hendersonville, for plaintiff-appellant.

Douglas Fisher, Thomas M. Pinckney, Jr., Howell, Fisher, Branham & North, Nashville, for defendant-appellee, Loren Cook Co.

James M. Doran, Jr., Nashville, for defendant-appellee, R.D. Herbert & Sons.

OPINION

LEWIS, Judge.

The sole issue in this case is whether the one-year statute of limitations set forth in Tenn.Code Ann. § 28–3–104 bars plaintiff James T. Gibson's suit against defendants Loren Cook Company and R.D. Herbert & Sons.

The facts out of which this suit arose are as follows:

Plaintiff was injured on June 12, 1984, while operating "a short reject fan apparatus designed to shred and/or cut cloth" (hereafter the machine) at his place of employment, Steiner-Liff Textile Products Company.

While plaintiff was operating the machine, it began to clog or jam when a quantity of cloth failed to fall free from the machine. Plaintiff attempted to remove the cloth and while so doing he suffered the "traumatic amputation of four fingers." Plaintiff thereafter filed suit against CNA Insurance Company, his employer's workers' compensation carrier, in March, 1985. Prior to that time in August, 1984, plaintiff had been notified by Steiner-Liff that any inquiries concerning the injury should be directed to Ms. Kay Hagar, Senior Claims Representative of CNA Insurance Company. At the same time plaintiff was directed by Steiner-Liff to direct all inquiries concerning the company to Steiner-Liff.

On March 30, 1985, plaintiff, through his counsel, was notified by Mr. C. Hayes Cooney that he would be representing CNA Insurance Company in the workers' compensation suit.

On April 12, plaintiff directed interrogatories to Mr. Cooney as counsel for CNA in an effort to determine the identity of the manufacturer of the machine. The interrogatory was forwarded to Ms. Hagar, who contacted Mr. Reginald General, an employee of Steiner-Liff, and was later informed by Mr. General that the manufacturer of the machine was Lockwood Products.

Ms. Hagar then answered the interrogatory identifying the manufacturer of the machine as Lockwood Products.

On June 10, 1985, plaintiff filed his complaint against Lockwood Products Division of J.L. Underwood (Lockwood) in which he alleged that Lockwood "manufactured and constructed" the machine and that the machine "as designed, manufactured, sold and installed was defective and that the defects were the direct and proximate cause of his injuries."

Lockwood, on July 26, 1985, filed its answer in which it denied, *inter alia*, that it "manufactured and constructed" the machine but stated that the machine was "designed and manufactured by Loren Cook Company and the installation of the machine was accomplished by R.D. Herbert Company."

On September 12, 1985, plaintiff filed a "MOTION FOR JOINDER" in which he moved that Loren Cook Company and R.D. Herbert & Sons "be made party defendants." On October 7, 1985, an order was entered directing that Loren Cook Company and R.D. Herbert & Sons be made party defendants.

Thereafter, plaintiff filed an amended complaint in which he alleged that Loren Cook Company and R.D. Herbert & Sons "manufactured, designed, constructed, tested, sold and installed" the machine, that the machine "as designed, manufactured, sold and installed was defective, inherently dangerous, and not reasonably safe for intended and foreseeable uses," and that the defects were the proximate cause of plaintiff's injuries.

On October 15, 1985, Lockwood filed a motion for summary judgment, and, on October 31, R.D. Herbert & Sons filed a motion to dismiss on the ground that the statute of limitations had run. On November 20, 1985, Loren Cook Company filed a motion to dismiss, asserting that the action was barred by the statute of limitations.

On January 7, 1986, after hearing arguments, Lockwood's motion for summary judgment was granted and the motions to dismiss filed by R.D. Herbert & Sons and Loren Cook Company were granted on the ground that the one-year statute of limitations had run.

Plaintiff filed a "general" notice of appeal from the final judgment entered by the trial court dismissing all of the parties. However, the appeal bond applies only to Loren Cook Company and R.D. Herbert & Sons. No issue has been raised on appeal concerning the dismissal of the defendant Lockwood.

Plaintiff does not dispute the fact that he discovered the injury of which he complains on June 12, 1984, and that he knew the identity of the product that caused the injury on June 12, 1984. It is his insistence, however, that even though he discovered his injury and its origin on June 12, 1984, his cause of action did not accrue until the date he discovered the identities of the manufacturer and the installer of the machine. He argues that since he used due diligence in learning the identification of the manufacturer and installer, the one-year statute of limitations did not begin to run until the date he learned their identification.

In support of this argument, the plaintiff relies principally on *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487 (Tenn.1975). In *McCroskey*, the Tennessee Supreme Court overruled *Jackson v. General Motors Corp.*, 223 Tenn. 12, 441 S.W.2d 482 (1969), which had held that in a products liability case the statute began to run on the date of sale. Justice Henry, writing for the Court in *McCroskey*, stated:

> We hold that in tort actions, including but not restricted to products liability actions ("conceived in an illicit intercourse of tort and contract") predicated on negligence, strict liability or misrepresentation, the cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered. All cases contra are overruled.

524 S.W.2d at 491 (footnotes omitted).

This Court, in *Gosnell v. Ashland Chemical, Inc.*, 674 S.W.2d 737 (Tenn.App.1984), reiterated the principle that the cause of action accrues on the date the injury occurs or is discovered, "or in the exercise of reasonable care and diligence, should have been discovered." *Id.* at 739.

In *Webber v. Union Carbide Corp.*, 653 S.W.2d 409 (Tenn.App.1983), the plaintiff argued that his cause of action did not accrue "until he discovered the identity of the specific causative agent of his illness" and the manufacturers of that agent. This Court held that the cause of action is discovered when plaintiff knows of a causal connection between the product and the injury. The plaintiff in *Webber* relied on *Gilbert v. Jones*, 523 S.W.2d 211 (Tenn. App.1974), for the proposition that the statute begins to run when the party who has wronged the plaintiff is discovered. Judge Parrott, writing for the Court in *Webber*, stated:

> There is nothing in *Gilbert* to suggest, however, that the statute should have been tolled until the plaintiff could identify as defendants the manufacturers of specific ingredients or substances contained in the contraceptives. Once the contraceptives were recognized as the cause of the illness, the cause of action accrued.

653 S.W.2d at 412.

A cause of action in a case such as the one before us accrues when the plaintiff discovers a causal connection between the injury and the product that caused the injury, or when in the exercise of reasonable care and due diligence, the plaintiff should have discovered the causal connection.

Here, the plaintiff knew the source of his injury some sixteen months before he amended his complaint to add Loren Cook Company and R.D. Herbert & Sons as defendants. He insists however that he exercised due care and diligence in ascertaining the identities of Loren Cook and R.D. Herbert & Sons and that this exercise of due care and diligence tolls the statute. We disagree.

The plaintiff did not attempt to identify the manufacturer of the machine until April 4, 1985, some ten months after the injury. So far as the record discloses, he never attempted to identify the installer of the machine. Plaintiff at no time attempted to identify the manufacturer of the machine by contacting his employer. He inquired of the identity of the manufacturer from counsel for his employer's workers' compensation carrier. He had been told in August of 1984 to direct any inquiries concerning the company to Steiner-Liff, his employer.

In *Security Bank & Trust Company v. Fabricating, Inc.*, 673 S.W.2d 860 (Tenn. 1983), *cert. denied sub nom. Podrog v. Waring, Cox, James, Sklar & Allen*, 469 U.S. 1038, 105 S.Ct. 515, 83 L.Ed.2d 405 (1984), the plaintiffs argued that they were not put on notice that a potential defendant was involved in the case until the party was named in formal discovery by another party. The Court noted that "[w]hatever plaintiffs learned upon the taking of [the] deposition ... could have been learned much earlier if due diligence had been exercised by plaintiffs." *Id.* at 865.

Here, the only effort plaintiff made to identify the manufacturer of the machine was in the form of interrogatories propounded to counsel for his employer's workers' compensation carrier some ten months after the accident. The counsel for the employer's workers' compensation carrier forwarded the interrogatories to a senior claims representative of the insurance carrier who, in turn, contacted an employee of plaintiff's employer. This employee gave the senior claims representative incorrect information as to the manufacturer but did give correct information as to the seller. Nothing in the record shows that plaintiff made any further efforts to determine whether this information was correct or if there were other possible defendants. Plaintiff argues, but cites no authority, that since the answer to the interrogatory was sworn to, he did not have to take any further steps and it amounted to due diligence to rely completely on the sworn statement. We disagree.

As is pointed out in Loren Cook's brief, this is not a case in which circumstances were totally beyond the control of the injured party, not a case in which the plaintiff had no knowledge that a wrong had occurred, and not a case where a reasonable person would not be put on inquiry.

The "discovery rule" applies only when "the plaintiff does not discover and reasonably could not be expected to discover that he has a right of action." *Security Bank & Trust Co.*, 673 S.W.2d at 865 (quoting *Hoffman v. Hospital Affiliates, Inc.*, 652 S.W.2d 341, 344 (Tenn.1983)).

The only effort plaintiff in this case made to identify the manufacturer of the machine was in the form of interrogatories propounded to counsel for his employer's workers' compensation carrier, and this some ten months after the accident. Nothing in the record shows that the plaintiff made any other effort to determine whether this information was correct or if there were other possible defendants. At no time did he make any effort to determine the identity of the installer of the machine. It was not until June 10, 1985, 363 days after the accident, that he filed suit against Lockwood.

We are of the opinion that the steps taken by plaintiff did not amount to due diligence and that if due diligence had been exercised by the plaintiff, he could have learned the identity of the manufacturer and installer much earlier.

■ Plaintiff lastly contends that since the employer provided erroneous third-party liability information to him so that he could not file his third-party action until after the expiration of the one-year statute of limitations, the right the employer has pursuant to Tenn.Code Ann. § 50–6–112(d) inures to his benefit. Tennessee Code Ann. § 50–6–112(d) provides:

> Such action against such other person by the injured worker, or those to whom his right of action survives, must be instituted in all cases within one (1) year from the date of injury. Failure on the part of the injured worker, or those to whom his right of action survives, to bring such action within the one (1) year period shall operate as an assignment to the employer of any cause of action in tort which the worker, or those to whom his right of action survives, may have against any other person for such injury or death, and such employer may enforce same in his own name or in the name of the worker, or those to whom his right of action survives, for such employer's benefit, as such employer's interest may appear, and the employer shall have six (6) months after such assignment within which to commence such suit.

Plaintiff cites no authority which would allow him to, as he argues, "have and exercise the same third party liability rights as those afforded to the employer pursuant to T.C.A. § 50–6–112(a)(d)." This statute makes no provision for an extension on behalf of the employee for an additional six-month period. The statute is clear. If the employee fails to bring suit within one year, then the cause of action is assigned to the employer for an additional six months. If the employer brings an action within eighteen months of the injury, then it is timely filed. The additional six months does not inure to the benefit of the employee.

In this case the plaintiff has failed to exercise due diligence in discovering the identity of the manufacturer and of the installer and his suit is barred. Tenn.Code Ann. § 28–3–104.

The judgment of the trial court is affirmed with costs assessed against the plaintiff and the cause remanded to the trial court for the collection of costs and any further necessary proceedings.

TODD, P.J., CANTRELL, J., concur.