45 F.3d 430
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Shelton HARRISON; Brucene Harrison, Plaintiffs-Appellants,
v.
TIMMINCO TECHNOLOGIES CORPORATION, Defendant-Appellee.
 No. 94-5649.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1994.
 
 1
 Before: NORRIS and SILER, Circuit Judges; and NEWBLATT, District Judge.*
 
 ORDER
 
 2
 Plaintiffs, Shelton and Brucene Harrison, appeal a district court order granting summary judgment in favor of the defendants in this diversity action alleging fraud in connection with a contract for the purchase of real property. The defendant has filed a motion to strike plaintiffs' reply brief. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On June 15, 1988, plaintiffs entered into an agreement for the purchase of approximately 92 acres of real property located at 3328 Fite Road, Memphis, Shelby County, Tennessee. According to the complaint, prior to entering into the purchase contract, authorized representative agents and employees of defendant, Timminco Technologies Corp., allegedly assured plaintiffs that the property was free from any pollution, hazardous waste or contaminants. Plaintiffs allegedly relied on these representations in purchasing the property and paid defendant $200,000.
 
 
 4
 In the fall of 1988, the property was placed on the Tennessee list of inactive hazardous substance sites, and the results of environmental testing at the sites have shown the presence of pollution, hazardous waste and contaminants. On July 14, 1993, plaintiffs filed the present action in the district court for rescission of the contract alleging fraud in the inducement to contract.
 
 
 5
 The defendant filed a motion for summary judgment asserting that plaintiffs' cause of action was time-barred by Tenn.Code Ann. Sec. 28-3-105 because the complaint was not filed within three years of the date the cause of action accrued. Plaintiffs responded first that the applicable period of limitation is six years under Tenn.Code Ann. Sec. 28-3-104 and, second, that the cause of action did not accrue until January of 1993. The district court agreed with the defendant and entered an order granting summary judgment in favor of the defendant on April 11, 1994. An amended order was entered May 23, 1994.
 
 
 6
 Upon review, we affirm the district court's judgment as there is no genuine issue as to any material fact and the defendant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); see La Pointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 7
 Plaintiffs' cause of action is time-barred. The resolution of whether the six-year statute of limitations applies or the three-year statute of limitations applies depends on whether the gravamen of the complaint is for fraud and deceit, in which case the three-year statute applies, or whether it is breach of contract, in which case the six-year statute applies. Harvest Corp. v. Ernst & Whinney, 610 S.W.2d 727, 729 (Tenn.Ct.App.1980). Because plaintiffs' complaint sought damages for fraud in the inducement to contract, the three-year statute of limitations for property tort actions set forth in Tenn.Code Ann. Sec. 28-3-105 governed the cause of action. See also Vance v. Schulder, 547 S.W.2d 927, 932-33 (Tenn.1977) (fraud or misrepresentation in the inducement to contract sounds in tort).
 
 
 8
 Plaintiffs' argument that they did not discover their cause of action until January 1993, when they received a report from an independent source indicating that there were hazardous waste products on the property sufficient to keep the property on the Superfund list for cleanup, is unavailing. It is undisputed that plaintiffs had knowledge only two months after the closing that the property had been placed on the Tennessee Inactive Hazardous Substance Site List. Thus, plaintiffs received ample information by October 18, 1988, that, in the exercise of reasonable care and diligence, they should have discovered their injury. See McCroskey v. Bryant Air Conditioning Co., 524 S.W.2d 487, 491 (Tenn.1975); Teeters v. Currey, 518 S.W.2d 512, 517 (Tenn.1974). Accordingly, plaintiffs' cause of action accrued no later than October 18, 1988.
 
 
 9
 Plaintiffs' argument that the statute of limitations was tolled because the defendant concealed the cause of action by leading the plaintiffs to believe that the only problem with the property was proving to TDHE that there were no hazardous substances on the property severe enough to qualify the site for the National Priorities List is also unavailing. Fraudulent concealment tolls the statute of limitations only during the period when the plaintiff had no knowledge at all that the wrong had occurred and, as a reasonable person, was not put on inquiry. See Potts v. Celotex Corp., 796 S.W.2d 678, 680-81 (Tenn.1990). Since plaintiffs' cause of action accrued when they discovered or, in the exercise of reasonable care and diligence, should have discovered their alleged injury, the three-year statute of limitations began to run on October 18, 1988, and expired on October 17, 1991. Because the complaint was filed on July 14, 1993, approximately two years after the period expired, plaintiffs' cause of action was properly dismissed as time-barred.
 
 
 10
 Concerning the defendant's motion to strike the reply brief, we hold that the jury question and the nuisance issues are barred because the plaintiffs did not raise these issues in their opening brief. See Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986). The breach of contract issue was raised in the opening brief but is, as previously stated, without merit.
 
 
 11
 Accordingly, the motion to strike plaintiffs' reply brief is granted in part and denied in part, and the district court's order, as amended, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Stewart Newblatt, U.S. District Judge for the Eastern District of Michigan, sitting by designation