## IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

| | | |
|---|---|---|
| **CHARLES E. DORSE II,** | ) | Shelby County Chancery Court |
| | ) | No. 109600-3 |
| Plaintiff/Appellant | ) | |
| | ) | App. No. 02A01-9712-CH-00315 |
| | ) | |
| VS. | ) | HON. D. J. ALISSANDRATOS, |
| | ) | CHANCELLOR |
| | ) | |
| **MARTIN R. KRIGER,** | ) | **AFFIRMED AND REMANDED** |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | OPINION FILED: |

**FILED**

**March 26, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**Charles E. Dorse II,** Pro Se

**Martin R. Kriger,** Memphis, Tennessee for Defendant/Appellee.

_____

### MEMORANDUM OPINION[1]
_____

**Farmer, J.**

Charles E. Dorse II appeals from the order of the trial court dismissing his complaint for failure to file within the applicable statute of limitations. The complaint alleges that the plaintiff is an inmate in custody of the Tennessee Department of Correction. The defendant, Martin Kriger, is an attorney who was appointed to represent Plaintiff in a criminal action in Shelby County.

The complaint is styled State Tort Claim Complaint for a Violation of Civil Rights. The gravamen of the complaint is that the defendant failed to notify the plaintiff that, after his conviction, the plaintiff received an adverse decision in the Court of Criminal Appeals and that the defendant failed to either file, or advise Plaintiff of his right to file, a timely application for permission to appeal to the Tennessee Supreme Court pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. This is a suit for legal malpractice.

---

[1]**Rule 10 (Court of Appeals). Memorandum Opinion.** -- (b) The court, with concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

According to the complaint, Plaintiff was notified by the clerk of the Court of Criminal Appeals that that court had released its opinion on April 1, 1992 and that his attorney did not file a Rule 11 application within thirty days[2] of that date.

Actions against attorneys for legal malpractice shall be commenced within one year after the cause of action accrued. T.C.A. § 28-3-104. A suit may be brought more than one year after the injury occurs, provided it is brought within one year after it is discovered or, in the exercise of reasonable care and diligence, should have been discovered. ***Gosnell v. Ashland Chem., Inc.***, 674 S.W.2d 737 (Tenn. App. 1984). The plaintiff alleges in his complaint that he was advised by the clerk of the Court of Criminal Appeals on June 23, 1993 that an adverse decision had been rendered by that court on April 1, 1992 and that his attorney had failed to file a timely application for permission to appeal with the Supreme Court. This complaint was filed June 6, 1997. Therefore, we conclude that the trial court was correct in dismissing the complaint for failure to commence within the applicable statute of limitations. The judgment of the trial court is affirmed and the costs of this appeal are taxed to the appellant, Charles E. Dorse II for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)

_____

[2]The rule has been amended to extend the time for filing to within sixty days after the entry of the judgment of the intermediate appellate court.