Susan G. BEAMAN, and husband, David L. Beaman, Plaintiffs-Appellants,

v.

Alan SCHWARTZ, Mark Ivens, and Coopervision, Inc., Defendants-Appellees.

Court of Appeals of Tennessee, Eastern Section.

Dec. 12, 1986.

Permission to Appeal Denied by Supreme Court April 6, 1987.

Herb Moncier and Ann C. Short, Knoxville, for plaintiffs-appellants.

Wheeler Rosenbalm, Knoxville, for defendants-appellees.

## OPINION

SANDERS, Judge.

Plaintiff-Appellant, Susan G. Beaman, purchased a set of extended-wear contact lenses from optometrist, Defendant Dr. Alan Schwartz, in July 1983. On the night of August 15, 1983, Mrs. Beaman slept with the lenses in her eyes for the first time. At 3:00 a.m. she awoke with pain in her left eye. She removed the contact lens. The pain persisted and she saw Dr. Schwartz later in the day. He advised her she had a corneal abrasion.

The abrasion did not heal and Dr. Schwartz sent her to an ophthalmologist, Defendant Dr. Mark Ivens, on August 17 for treatment. Mrs. Beaman continued to experience pain and was hospitalized on August 23 with a suspected infection. A lab report on August 28 showed she had pseudomonas aeruginosa. The plaintiff alleges she has suffered permanent damage to her eye, although with glasses it can be corrected.

On August 20, 1984, the Plaintiffs filed suit for $50,000 in damages for her eye injury against Dr. Alan Schwartz, Dr. Mark Ivens, and CooperVision, Inc. [CooperVision], the manufacturer of the extended wear contact lens. The Plaintiffs alleged Dr. Schwartz was negligent in failing to inform Mrs. Beaman of the proper use of the contact lens, failing to warn her of the potential dangers from use of the contact lens, failing to properly diagnose and treat her injury. They alleged Dr. Ivens was negligent in failing to properly diagnose, treat and care for her injury. They allege CooperVision breached its warranty of fitness of product, the lens was inherently dangerous, and failing to properly warn.

All Defendants answered denying the allegations and alleged contributory negligence by Plaintiff and assumption of risk. CooperVision also denied it was the manufacturer of the lens, denied the lens was defective or unreasonably dangerous; and pleaded the one year statute of limitations.

All Defendants moved for summary judgment. The trial court denied the motion as to Defendants, Drs. Schwartz and Ivens. It did, however, grant the motion as to CooperVision on the basis the one year statute of limitations barred Plaintiffs' claims sounding in tort. The court also found CooperVision was entitled to a judgment as a matter of law on Plaintiffs' claims of breach of express or implied warranty.

The Plaintiffs took a nonsuit as to Drs. Schwartz and Ivens and have appealed, presenting two issues for this court to review.

I. Whether the Trial Court improperly granted summary judgment to the manufacturer of Plaintiff's contact lenses on the basis that the statute of limitations barred suit for injuries sustained from wearing the lenses when Plaintiff was not informed of any causal connection between the lenses and the injury she sustained and when Plaintiff did not reasonably discover her corneal infection injury until shortly before she was hospitalized.

II. Whether genuine issues of material fact exist, precluding the grant of summary judgment to Defendant, regarding the breach of express or implied warranties pertaining to the Permalens

extended-wear soft contact lenses manufactured by CooperVision, Inc.

In its motion for summary judgment CooperVision relied upon the discovery deposition of Mrs. Beaman, the Plaintiff's Answers to Interrogatories Propounded by CooperVision, and the affidavit of Dr. Alan Schwartz, O.D. The Plaintiffs, in opposition to the motion for summary judgment, relied upon the affidavit of counsel with attachments, affidavits of Mrs. Beaman, and an affidavit of Dr. Dennis M. O'Day with attachments.

The gravamen of the Appellee's position on the first issue before this court, is that Mrs. Beaman knew or should have known on August 16 that she suffered an eye injury and the statute began running at that time.

Appellants, however, aver that Mrs. Beaman did not become aware that she had a serious eye injury until she was admitted to the hospital on August 23 and therefore the statute did not begin running until August 23. We cannot agree with Appellants' insistence.

■■■ A suit for personal injury can be brought more than one year after the injury occurs, provided it is brought in one year after it is discovered or in the exercise of reasonable care and diligence should have been discovered. *See, Teeters v. Currey,* 518 S.W.2d 512 (Tenn.1974); *Gosnell v. Ashland Chemical, Inc.,* 674 S.W.2d 737 (Tenn.App.1984); *Sullivant v. Americana Homes, Inc.,* 605 S.W.2d 246 (Tenn.App. 1980). Mrs. Beaman knew she had an eye injury on the morning of August 16, 1983.

Plaintiff argues the injury for which she is suing is the corneal infection, not the corneal abrasion. In Tennessee, however, an injured party is not allowed to wait to bring an action until he knows all of the injurious effects as consequences of an actionable wrong. *See, Security Bank & Trust Co. of Ponca City, Okla. v. Fabricating, Inc.,* 673 S.W.2d 860 (Tenn.1983). We agree with the trial court that the statute of limitations bars the Plaintiffs' suit against CooperVision.

The Plaintiffs further aver the trial court erred in granting summary judgment on the breach of express or implied warranties claims. After careful review of the record we find no evidence Mrs. Beaman ever received any express warranties as to her lens.

The Plaintiffs aver CooperVision breached its implied warranty of "fitness of product." T.C.A. § 47-2-314, dealing with the warranty of merchantability, requires that the goods be "fit for the ordinary purposes for which such goods are used." Mrs. Beaman does not contend the lens was contaminated or defective, just that the lens should not have been prescribed for her because of her dry eye condition.

■■ We find *Dunkin v. Syntex Laboratories, Inc.,* 443 F.Supp. 121 (W.D.Tenn. 1977) to be persuasive on this point. The court in *Dunkin* held "[w]here a drug manufacturer sells a [prescriptive] drug designed for a specific purpose ... and warns the medical profession of possible side effects in some users, the warranty of fitness for a particular purpose is not breached where one of those side effects occurs" when the drug was prescribed by a physician. In Tennessee a person has to have a prescription for contact lenses and the lenses have to be dispensed by a licensed medical doctor or optometrist. In the case at bar, the manufacturer provided Dr. Schwartz, who prescribed the lens, with warnings that the extended-wear lens should not be prescribed for a person with dry eyes. Accordingly, we find the trial judge correctly granted summary judgment to CooperVision as to any alleged breach of implied warranties or failure to warn.

The judgment of the trial court is affirmed. The costs of this appeal are taxed to the Appellants.

GODDARD and FRANKS, JJ., concur.