**Tina L. SAMPSON, Plaintiff–Appellant,**

v.

**William J. SCHNEIDER, M.D.,
Defendant–Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

July 28, 1994.

Permission to Appeal Denied by
Supreme Court Nov. 7, 1994.

Carl Ogle, Jr., Jefferson City, for plaintiff-appellant.

Warren Butler, Knoxville, for defendant-appellee.

*OPINION*

FRANKS, Judge.

In this medical malpractice action the Trial Judge determined the action was time-barred pursuant to T.C.A. § 29–26–116. The defendant's alleged negligence as described by the plaintiff in her complaint is:

> The plaintiff avers that the surgery performed on her by defendant ... was negligent in that ... (b) failed to warn and explain all possible side effects and dangers inherent in the operation, and specifically did not warn the defendant [sic] that she would not have a nipple after the breast reduction surgery.

In early 1989, plaintiff consulted with her regular physician concerning her uncomfortably large breast size and was referred to defendant. Defendant scheduled and performed breast reduction surgery on the plaintiff on April 17, 1989. Post surgery, plaintiff experienced bleeding and swelling of her right breast, and there was sloughing of skin from the area of the nipple. Plaintiff testified in her deposition that she was told there would be two weeks recuperation period, but conceded that recuperation lasted for "several months". She further testified that in May of 1989 and again as of June 12, 1989, that the nipple was "gone". She further stated that had she been told of the possible loss of a nipple she would not have undergone the surgical procedure.

Plaintiff initially filed a complaint on November 16, 1990 and insists that the statute of limitations began running on November 20, 1989 when the defendant first advised the plaintiff that her nipple was lost and proceeded to discuss reconstructive surgery to correct the deformity. While plaintiff conceded that the nipple was not visible as early as. May of 1989, she thought the nipple was beneath the skin.

The only cause of action before this Court is the alleged lack of informed consent. This cause of action accrued upon the occurrence

of complications, the possibility of which the defendant had not explained to her. This Court addressed a similar issue in *Housh v. Morris*, 818 S.W.2d 39 (Tenn.App.1991). In that case, the defendant had told the plaintiff that he had performed many hip replacements without complications. After surgery however, plaintiff experienced numerous complications and over a year later she learned from another orthopedic surgeon that patients with her type of degenerative disc condition frequently experienced complications. Suit was brought alleging lack of informed consent and we ruled that the statute of limitations barred plaintiff's claim because the plaintiff knew or should have known that the defendant had not fully informed her as soon as she began experiencing unadvised complications from the surgery. *Id.* at 42.

In this case, plaintiff had notice of unexpected complications shortly after surgery. Her first cause for concern came as early as April 1989 when the left breast was healing nicely but the right breast was swelling and bleeding. Moreover, there was notice of unexpected complications in May of 1989, when she discovered the nipple was missing. Accordingly, the statute was triggered no later than May 1989.

Moreover, it is settled law in this jurisdiction that the plaintiff need not know the full extent of her injury before the statute of limitations began to run. In *Beaman v. Schwartz*, 738 S.W.2d 632 (Tenn.App.1986) the plaintiff sued her optometrist for damages arising out of an injury to her eye.

Allegedly, the defendant failed to give proper warning about the use and care of the plaintiff's new contacts. As a result, the plaintiff suffered a corneal abrasion which the defendant properly diagnosed, but improperly treated. Eventually, the abrasion became infected and plaintiff filed suit within a year of the infection, but more than one year after learning she had suffered an abrasion. She argued that she filed suit within the limitation period because she was suing for the infection rather than the abrasion, but this Court held that "an injured party is not allowed to wait to bring an action until he knows all of the injurious effects as consequences of an actionable wrong." *Id.* at 634.

In this case, while the plaintiff may have not known the exact nature of her injury, she needed only to have known of unanticipated complications from the surgery. This knowledge she had shortly following the surgery and her action was time barred one year from that time.

We affirm the judgment of the Trial Court and the cause is remanded at appellant's cost.

GODDARD, P.J. (E.S.), and SUSANO, J., concur.