944 F.2d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Connie HOLLON, Plaintiff-Appellant,
v.
NORTH PARK HOSPITAL, INC., et al., Defendants-Appellees.
 No. 90-6592.
 United States Court of Appeals, Sixth Circuit.
 Sept. 18, 1991.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and TAYLOR, District Judge.*
 PER CURIAM.
 
 
 1
 Connie Hollon appeals the dismissal of her wrongful death action, brought as the parent and next of kin to the deceased Jason Alan Fulton, against defendants North Park Hospital Inc., Healthcorp Inc., Sursech Enjeti, M.D., Ernest Forsten, M.D., Mark Raulston, Kathy Keller, R.N., and Duane Roberts, whom she claims negligently administered medical care to her son resulting in his death. The district court, sitting in diversity, granted defendants' motion for summary judgment barring Hollon's claim on the ground that the applicable Tennessee statutes of limitations, Tenn.Code Ann. § 28-3-104 and 29-26-116, had expired. For the following reasons, we AFFIRM.
 
 
 2
 In the early morning of July 30, 1988, Jason Fulton was taken to the North Park Hospital emergency room in Hixson, Tennessee for treatment of respiratory distress. Jason had a history of asthma, and while under the care of defendants, lapsed into respiratory arrest and died. On December 13, 1989, Jason's mother, Connie Hollon, filed suit in the district court against defendants claiming that their negligent medical care was the direct and proximate cause of Jason's death. No claim has been made alleging that defendants attempted to fraudulently conceal the source of Jason's injuries.
 
 
 3
 Defendants immediately filed a motion for summary judgment alleging that Hollon's action was barred by Tenn.Code Ann. § 28-3-104, which requires that all tort claims must be filed within one year of the alleged tortious act. The district court granted defendants' motion, but based its holding on the discovery clause provision included in the medical malpractice statute of limitations, Tenn.Code Ann. § 29-26-116, and implied in the general tort statute, which it concluded extended the time for bringing suit only until the discovery of injury. See McCroskey v. Bryant Air Conditioning Company, 524 S.W.2d 487 (Tenn.1975) (applying discovery doctrine to Tennessee statute). Hollon appeals claiming that her action is not barred by either § 29-26-116 or § 28-3-104 because she filed her action within one year from the date of her discovery of the defendants' negligence.[1]
 
 
 4
 Tenn.Code Ann. § 28-3-104 provides in pertinent part: "Actions ... for injuries to the person ... shall be commenced within one (1) year after the cause of injury accrued."[2] Tenn.Code Ann. § 29-26-116 states in relevant portion:
 
 
 5
 (a)(1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28-3-104.
 
 
 6
 (2) In the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one (1) year from the date of discovery.
 
 
 7
 (3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant in which case the action shall be commenced within one (1) year after discovery of that cause exists.
 
 
 8
 Because of the discovery clause supplied by the legislature in Tenn.Code Ann. § 28-3-104, and implied by the courts to § 29-26-116, we conclude, as did the district court, that whether Tenn.Code Ann. § 29-26-116 or § 28-3-104 is applied is irrelevant; the result is the same. The true controversy in this case lies rather in whether the discovery doctrine can be extended to permit the plaintiff to maintain her action despite the fact that she was aware of the injury to her son more than a year prior to filling her suit. We conclude that it cannot.
 
 
 9
 Because we sit in this matter under diversity jurisdiction, we are bound by the law of Tennessee, as expressed by that state's highest court. Erie Railroad v. Tompkins, 304 U.S. 64 (1938). Often our review of state law is a painful process because of the silence of the state's courts; at other times it is simple. In Potts v. Celotex Corp., 796 S.W.2d 678, 680-681 (Tenn.1990), the Tennessee Supreme Court succinctly described its view of the discovery doctrine:
 
 
 10
 Under the "discovery rule" applicable in tort actions, including but not restricted to products liability actions predicated on negligence, strict liability or misrepresentation, the cause of action accrues and the statute of limitations begins to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered.... Furthermore, the statute is tolled only during the period when the plaintiff had no knowledge at all that the wrong had occurred and, as a reasonable person, was not put on inquiry.
 
 
 11
 Id. (emphasis added). In Johnson v. Metropolitan Government of Nashville and Davidson County, 665 S.W.2d 717, 718 (Tenn.1984), the same court concluded while reviewing a malpractice claim under the Tennessee Governmental Tort Liability Act, "It is well settled in this state that the statute of limitations in an action for wrongful death begins to run, at the latest, with the date of the death of the decedent."
 
 
 12
 We find the Tennessee court's instructions to be consistent with our reading of § 29-26-116 and § 28-3-104, which places the focus on the date of injury, rather than that instant in time when the plaintiff is sufficiently schooled in the parameters of tort law to determine she possesses a legally cognizable claim.
 
 
 13
 Hollon urges us to adopt her view of the discovery rule based on two Tennessee appellate court decisions, Hathaway v. Middle Tennessee Anesthesiology, P.C., 724 S.W.2d 355 (Tenn.App.1986) and Gosnell v. Ashland Chem. Inc. 674 S.W.2d 737 (Tenn.App.1984), which she claims were endorsed by the Tennessee Supreme Court when it refused to accept certiorari. Pairamore v. Pairamore, 547 S.W.2d 545, 548 (Tenn.1977). This is a morass we do not intend to enter; we find the recent Potts decision to take precedent over any appellate court case endorsed by implication.
 
 
 14
 Because we find Potts dispositive of the issue before us, we conclude that Hollon's claim is barred because she filed it more than a year after the date of injury. Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Subsequent to the filing of this action, the Tennessee legislature amended Tenn.Code Ann. 28-3-104, effective January 1, 1991. The amendments neither substantially alter the statutory scheme nor affect the outcome of this case. See Tenn.Code Ann. 28-3-104 (1990)
 
 
 [2]
 Hollon also claims that the district court improperly permitted the defendant to file a deposition after judgment was entered. S. & E. Shipping Corp. v. Chesapeake & O. Ry Co., 678 F.2d 636 (6th Cir.1982). We agree; therefore we base our opinion solely on the pleadings