1 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
IFC NONWOVENS, INC.; Tennessee Disposables, Inc.,
Plaintiffs-Appellants,
v.
OWENS-CORNING FIBERGLAS CORPORATION, Defendant-Appellee.
 No. 92-6132.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1993.
 
 Before: MILBURN and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs IFC Nonwovens, Inc., and Tennessee Disposables, Inc., appeal from the district court's order granting summary judgment to the defendant, Owens-Corning Fiberglas Corporation ("Owens-Corning"), in this diversity action sounding in negligence, strict liability, and breach of warranty concerning the manufacture and sale of insulation materials to the plaintiffs. On appeal, the issues are (1) whether the plaintiffs' negligence and strict liability causes of action are time-barred by Tennessee Code Annotated ("T.C.A.") Sec. 28-3-105, and (2) whether the plaintiffs' breach of warranty cause of action is time-barred by T.C.A. Sec. 47-2-725. For the reasons that follow, we affirm.
 
 I.
 
 2
 On January 14, 1986, a fire ignited by a welder's torch swept through and destroyed plaintiffs' manufacturing facility. Walter Helms, Jr., president of each plaintiff corporation, immediately retained attorneys who commenced an investigation of the fire. According to Helms' affidavit filed in the district court, the investigation of the fire resulted in the conclusion that the vapor barriers or the facings of the fiberglas insulation installed in the ceiling of the facility accelerated the spread of the fire. Helms further averred that, prior to March 1990, plaintiffs had no reason to know that the fiberglas batt manufactured by Owens-Corning or the adhesive manufactured by Indopco d/b/a National Starch and Chemical Corporation were implicated as possible causes of the fire. He further averred that, prior to November 16, 1990, neither plaintiff knew or had reason to know the identity of the manufacturers of the fiberglas batt or the adhesive. In a supplemental affidavit, Helms averred that plaintiffs did not discover that the fiberglas batt installed in their facilities was manufactured by Owens-Corning until November 16, 1990.
 
 
 3
 On November 15, 1991, plaintiffs brought an action against several corporations, including defendant Owens-Corning, alleging generally that their insulation products accelerated the fire and thereby caused $15,971,500 in damages.[1] All of the original defendants except Owens-Corning were dismissed from this action. Owens-Corning filed motions to dismiss on the ground that all applicable statutes of limitation had run.
 
 
 4
 As matters outside the pleadings were relied upon by the parties, the district court treated the motions to dismiss as motions for summary judgment under Rule 56, Federal Rules of Civil Procedure. The district court held that the applicable statutes of limitation had run and granted summary judgment to defendant. This timely appeal followed.
 
 II.
 A.
 
 5
 Summary judgment is appropriate where there is "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56. A district court's grant of summary judgment is reviewed de novo. Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). This includes a district court's determination of state law matters. Salve Regina College v. Russell, 111 S.Ct. 1217, 1221 (1991). On review, this court views all facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party. 60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir.1987).
 
 
 6
 The parties agree that the district court was correct in determining that T.C.A. Sec. 28-3-105 was the statute of limitation applicable to plaintiffs' property damage claims based on negligence and strict liability.[2] The district court applied this three-year statute to bar plaintiffs' negligence and strict liability claims and rejected plaintiffs' argument that Tennessee's discovery rule tolled the running of the statute of limitations in that plaintiffs did not know defendant's insulation batts were implicated in the fire until sometime after March 19, 1990. The district court found that plaintiffs' cause of action accrued shortly after the date of the fire, a point in time almost five years before the filing of the complaint, and that the claims were therefore time-barred by the three-year statute of limitations. To support its finding that "Plaintiffs knew that a wrong had occurred shortly after the date of the fire," J.A. 149, the district court quoted from the Helms affidavit as follows:
 
 
 7
 Following the fire to Plaintiffs' facility of January 14, 1986, IFC and TDI [the plaintiffs] thoroughly investigated the loss. The results of that investigation showed that the cause of the fire was a welding spark but that the vapor barrier and/or facing of the insulation installed in the ceiling of the facility accelerated and/or exacerbated the spread of the fire so that it consumed the entire facility in only a few minutes time.
 
 
 8
 J.A. 91-92.
 
 
 9
 To ameliorate the harshness of a rigid statute of limitations that could theoretically require a plaintiff to file suit before he knew of his injury, the Supreme Court of Tennessee has held that in tort actions,
 
 
 10
 the cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered.
 
 
 11
 McCroskey v. Bryant Air Conditioning Co., 524 S.W.2d 487, 491 (Tenn.1975). This "discovery rule," operating as a judicial exception to a period of limitation, has been carefully narrowed by the Tennessee courts to ensure that the exception does not swallow the rule. In Potts v. Celotex Corporation, 796 S.W.2d 678, 680 (Tenn.1990), the Tennessee Supreme Court stated that
 
 
 12
 [t]he discovery rule applies only in cases where the plaintiff does not discover and reasonably could not be expected to discover that he had a right of action. Furthermore, the statute is tolled only during the period when the plaintiff had no knowledge at all that the wrong had occurred and, as a reasonable person, was not put on inquiry.
 
 
 13
 (Emphasis added). Accord Hoffman v. Hospital Affiliates, Inc., 652 S.W.2d 341, 344 (Tenn.1983) ("[T]he statute is tolled only during the period when the plaintiff has no knowledge at all that a wrong has occurred....").
 
 
 14
 Focusing on the "put on inquiry" language of Potts and Hoffman, the district court reasoned that, because plaintiffs commenced an investigation immediately after the fire and determined that the vapor barrier or facing of the insulation was the cause of the acceleration of the fire, plaintiffs must have been "put on inquiry" that something was wrong with the insulation. Therefore, it concluded, the statute of limitations began to run shortly after the fire with respect to any causes of action arising out of alleged deficiencies in the insulation.
 
 
 15
 That plaintiffs may not have known exactly who to sue does not alter the analysis, because once a party is put on notice that one or more substances or ingredients of a product may be responsible for his injury, the statute of limitations begins to run as to all of the ingredients. In Webber v. Union Carbide Corporation, 653 S.W.2d 409, 411 (Tenn.App.1983), the Court of Appeals of Tennessee held that the applicable statute of limitations began to run against a chemical worker as soon as he "knew of a causal relationship between the products he worked with and his condition...." In Webber, the plaintiff worked with methyl ethyl ketone peroxide, acetone, ethyl acetate, gelcoat, styrene, and other chemicals, and he was held to have been placed on notice that any one of those substances might have caused his injuries as soon as his injuries were discovered. In just the same way, plaintiffs in the present case knew that one or more of the components of the insulation in the ceiling of their facility caused the acceleration of the fire. Once this was clear, plaintiffs were "put on inquiry," the cause of action accrued, and the statute of limitations gave them three years to investigate and file their action. It is immaterial that plaintiffs had not yet identified the defendant as the party who allegedly wronged them. As the court in Webber stated in distinguishing a case cited by the plaintiff,
 
 
 16
 [t]here is nothing in Gilbert [v. Jones, 523 S.W.2d 211 (Tenn.App.1974) ] to suggest, however, that the statute should have been tolled until the plaintiff could identify as defendants the manufacturers of specific ingredients or substances contained in the contraceptives. Once the contraceptives were recognized as the cause of the illness, the cause of action accrued.
 
 
 17
 Webber, 653 S.W.2d at 412. Accord Haynes v. Locks, 711 F.Supp. 901, 903 (E.D.Tenn.1989) ("[W]hile the plaintiff was attempting to identify the correct defendants in this cause ..., the statute of limitations was not tolled...."); Gibson v. Lockwood Prods. Div. of J.L. Underwood, 724 S.W.2d 756, 758 (Tenn.App.1987) (rejecting plaintiff's contention that his cause of action did not accrue until he discovered the identity of the specific causative agent of his illness and the manufacturers of that agent).
 
 
 18
 Admitting these principles to be established by Tennessee law, plaintiffs seek to avoid their operation by instilling into the facts a distinction between the vapor barrier and the facing of the insulation, which plaintiffs initially suspected as the blameworthy accelerants, and the fiberglas batts and adhesives which plaintiffs say they did not suspect. They insist that they should not be held to have been put on inquiry regarding the fiberglas batt products furnished by defendant because they did not begin to suspect them until March 1990, according to Helms' affidavit. This argument, however, is doomed by Webber, Haynes, and Gibson, which hold that a plaintiff need not be able to identify the specific ingredient that resulted in his injury or its manufacturer before the statute of limitations begins to run. Once plaintiff is put on inquiry of a causal relationship between the product and his injury, the cause of action is discovered and the statute of limitations begins to run.
 
 
 19
 If plaintiffs' allegations are credited, the fire in this case roared through the ceiling of their facility where fiberglas insulation had been installed. Plaintiffs immediately suspected some of the components of the fiberglas insulation as accelerants of the fire. At that point, as the district court correctly reasoned, plaintiffs were aware of the causal connection between the insulation and their loss; they were put on inquiry as to all of the components of the insulation, and, accordingly, the statute of limitations began to run.
 
 
 20
 There is no disputed issue of material fact such as might save this case from summary judgment. The affidavit of Walter Helms, Jr., establishes that plaintiffs were in fact on inquiry shortly after the fire occurred. Their failure to blame the defendant's product or identify the defendant as its maker cannot extend the date of discovery of the cause to a time within three years of the filing of this action. Therefore, the district court properly granted summary judgment to defendant Owens-Corning on plaintiffs' claims for negligence and strict liability under T.C.A. Sec. 28-3-105.
 
 
 21
 As for plaintiffs' argument that a disputed issue of material fact exists about whether plaintiffs should have discovered their cause of action earlier, it may be pointed out that courts routinely dispose of such questions as legal issues, or at least mixed questions of law and fact, on a motion to dismiss. See Haynes v. Locks, 711 F.Supp. at 901; Gibson v. Lockwood Prods. Div., 724 S.W.2d at 757; Webber v. Union Carbide Corp., 653 S.W.2d at 410. Thus, a jury is not required to decide the issue.
 
 B.
 
 22
 Plaintiffs next argue that the district court "wrongfully applied" the holding in First National Bank of Louisville v. Brooks Farm, No. 89-194-II, 1990 WL 6386 (Tenn.App. Jan. 31, 1990), aff'd in part and rev'd in part, 821 S.W.2d 925 (Tenn.1991). The short answer to this argument is that the district court did not apply the unpublished decision of the Tennessee Court of Appeals at all. The district court applied the later reported decision of the Supreme Court of Tennessee in ruling that "purely economic losses based on alleged misrepresentations by Owens-Corning cannot be recovered under a strict liability theory." J.A. 148. That is what the reported case stands for, and plaintiffs do not argue otherwise. As to plaintiffs' contention that the district court "overlooked" the unreported decision of the Tennessee Court of Appeals, the district court may not have cited the case because it had other recent, published authority on which to rely.
 
 C.
 
 23
 Finally, plaintiffs argue that the district court erred in applying T.C.A. Sec. 47-2-725 to bar plaintiffs' claims for breach of the warranties of fitness and merchantability.[3] Plaintiffs admit that Tennessee law in this regard is clearly stated by the Supreme Court of Tennessee in Commercial Truck & Trailer Sales, Inc. v. McCampbell, 580 S.W.2d 765, 773 (Tenn.1979), as follows:
 
 
 24
 It is well settled in this jurisdiction that in actions for personal injury or property damage resulting from breach of warranty, the four-year statute provided in T.C.A. Sec. 47-2-725 controls. See McCroskey v. Bryant Air Conditioning Co., 524 S.W.2d 487 (Tenn.1975); Layman v. Keller Ladders, Inc., 224 Tenn. 396, 455 S.W.2d 594 (1970).
 
 
 25
 See also Baker v. Promark Prods. West, Inc., 692 S.W.2d 844, 847 (Tenn.1985).
 
 
 26
 Despite the clarity of Tennessee's law on this subject, and despite the Tennessee courts' regular application of it, plaintiffs invite this court, as they did the district court, to ignore the leading Tennessee cases and to apply the three-year statute of limitations in T.C.A. Sec. 28-3-105 to all plaintiffs' claims in the case, including the warranty claims. Brief of Appellant at 20-22. We decline the invitation to usurp the laws of Tennessee. In a diversity case such as this, it is our duty to follow the decisions of the forum state's highest courts. As the district court pointed out, the decisions of the Supreme Court of Tennessee on this issue have been consistent since 1970, and Tennessee's law is "well settled" indeed. Commercial Truck & Trailer Sales at 773.
 
 
 27
 As to plaintiffs' alternative argument that, in the event that Sec. 47-2-725 applies, there might be express warranties by Owens-Corning as to the future performance of its products which could come to light on further discovery, it need only be noted that plaintiffs' complaint contains no allegations of express warranty, only allegations concerning breach of the implied warranties of merchantability and fitness for a particular purpose. Even assuming the existence of express warranties regarding the "future performance of the goods," T.C.A. Sec. 47-2-725(2), plaintiffs' cause of action would have accrued on the date of the fire, or shortly thereafter, when the breach "should have been discovered." Id. Moreover, plaintiffs had almost five years between the fire and the filing of this action, in which to investigate the subject of warranties. They had another eight months between the filing of the complaint and the order granting summary judgment to defendant in which to discover the existence of any express warranties. The existence of any such warranties, like the cause of action, should have been discovered much earlier.
 
 
 28
 Because the applicable statute of limitations provides that a cause of action accrues when the tender of delivery is made, regardless of when an aggrieved party discovers the breach, Poppenheimer v. Bluff City Motor Homes, 658 S.W.2d 106, 111 (Tenn.App.1983), the district court properly held that the tender of delivery occurred more than four years prior to the filing of this action, and, therefore, plaintiffs' claims for breach of warranty were barred by T.C.A. Sec. 47-2-725.
 
 D.
 
 29
 Plaintiffs note that defendant requested an award of attorney fees in its original motion to dismiss. The district court did not address the issue of attorney fees in its order granting summary judgment to defendant, and plaintiffs now argue in this court that an award of attorney fees to defendant would be improper. That may or may not be the case. It would be inappropriate for this court to speculate on an issue that, as yet, does not exist.
 
 III.
 
 30
 For the reasons stated, the granting of summary judgment by the district court is AFFIRMED.
 
 
 
 [1]
 Plaintiffs demanded an additional $5,000,000 in punitive damages
 
 
 [2]
 T.C.A. Sec. 28-3-105 provides:
 The following actions shall be commenced within 3 years from the accruing of the cause of action:
 (1) Actions for injuries to personal or real property....
 
 
 [3]
 T.C.A. Sec. 47-2-725 provides in relevant part:
 Statute of limitations in contracts for sale.--(1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year but may not extend it.
 (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.