# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT KNOXVILLE

_____

|  |  |  |
|---|---|---|
| SHARON HUFFMAN,<br>THE SURVIVING MOTHER OF<br>SHARON ELAINE BLEDSOE,<br>A MINOR, | ) ) ) ) ) | Blount Coutny Circuit Court<br>No. L-5246 |
| Plaintiff/Appellant. | ) ) ) | |
| VS. | ) ) | C.A. No. 03A01-9508-GV-00268 |
| BRUCE A. BALDWIN, et al | ) ) | |
| Defendants | ) ) | |
| AND | ) ) | |
| HARRIS WEBB, | ) ) | |
| Defendant/Appellee. | ) | |

**FILED**

**March 25, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

From the Circuit Court of Blount County at Maryville.
**Honorable W. Dale Young, Judge**

**Harry Wiersema, Jr.**, Knoxville, Tennessee
**Brenda L. Lindsay,** Knoxville, Tennessee
Attorneys for Plaintiff/Appellant.

**Arthur B. Goddard**,
GODDARD & GAMBLE, Maryville, Tennessee
Attorney for Defendant/Appellee, Harris Webb.

OPINION FILED:

**AFFIRMED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.** : (Concurs)

**HIGHERS, J.** : (Concurs)

This appeal results from the trial court's grant of summary judgment in favor of the one remaining defendant, Harris Webb. The plaintiff, Sharon K. Huffman, is the surviving mother of Sharon Elaine Bledsoe, a minor, who was killed in an automobile accident on June 5, 1987. According to the complaint, the deceased was a passenger in an automobile driven by Bruce A. Baldwin and it is alleged that his negligence was a proximate cause of the accident. The complaint also alleged negligence against Elizabeth E. Webb, Kenneth Ray Tipton and Janice Tipton.[1]

On August 17, 1990, Plaintiff moved to amend the complaint to add Harris Webb, the appellee, as a defendant. The complaint against Harris Webb alleged that he is the brother of Bruce Baldwin's stepfather, that he knew of Baldwin's propensity to drink and drive and of a prior D.U.I. That on the night of the accident, he supplied Baldwin and Plaintiff's deceased minor daughter with alcoholic beverages. Webb filed a motion to dismiss and/or for summary judgment on the basis that the complaint failed to state a cause of action against him and that the suit was barred by the one year statute of limitation set forth in T.C.A. § 28-3-104. In response to the motion, Plaintiff filed her affidavit and that of her attorney. The record also contains Bruce Baldwin's deposition. According to Ms. Huffman's affidavit, she was unaware that her daughter and Bruce Baldwin had been at the home of Harris Webb or that Webb served them alcohol until this was revealed during the deposition of Bruce Baldwin on August 17, 1989. She talked with Edith Webb shortly after the accident but Edith Webb did not reveal to her any involvement on the part of Harris Webb. She states that she made "as much inquiry about how the accident occurred with Edith Webb and with others as I reasonably could." The affidavit of her attorney states that "[n]ever in our investigation of this cause was there any indication from any source that Sherrie Bledsoe or Bruce Baldwin had been at the home of Harris Webb or anyone else except Edith Webb before the fatal accident, and nothing put us on inquiry concerning this until the statements of Bruce Baldwin in his Deposition of August 17th, 1989."

The statute of limitations begins to run when the plaintiff's cause of action accrues. *See* T.C.A. § 28-3-104. It has long been the law in this jurisdiction that the one year period of limitations on actions for personal injuries applies in wrongful death cases. ***Jones v. Black***, 539

---

[1]All defendants except Harris Webb were dismissed by orders of compromise and dismissal.

S.W.2d 123 (Tenn. 1976). Clearly, Harris Webb was not sued within one year from the date of the fatal accident. However, the plaintiff contends that her cause of action is not barred by the statute of limitations because she did not discover Harris Webb's involvement until the discovery deposition of Bruce Baldwin was taken on August 17, 1989. Under the "discovery doctrine," the statute does not begin to run until the negligent injury is, or should have been, discovered. *Teeters v. Currey*, 518 S.W.2d 512 (Tenn. 1974). Our supreme court held in *McCroskey v. Bryant Air Conditioning Co.,* 524 S.W.2d 487, 491 (Tenn. 1975), that in tort actions predicated on negligence, strict liability or misrepresentation, the cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered. As stated by the late Justice Harbison in a concurring opinion in *Teeters v. Currey*, "the [discovery] rule applies only in cases where the plaintiff does not discover and reasonably could not be expected to discover that he has a right of action. . . . The statute is tolled only during the period when the plaintiff has no knowledge at all that a wrong has occurred, and, as a reasonable person, is not put on inquiry." *Teeters*, 518 S.W.2d at 518.

In support of her argument, Plaintiff relies upon *Foster v. Harris*, 633 S.W.2d 304 (Tenn. 1982), a dental malpractice case wherein it was alleged that the defendant lacerated his own finger and plaintiff's lip and their blood intermingled; approximately one month later plaintiff became ill and was diagnosed as suffering from serum hepatitis, a disease that can be contacted and passed from one person to another only through blood contact. Plaintiff and his physician conducted a diligent but futile search in an effort to determine his contact with serum hepatitis. When he returned to the dentist more than a year after the injury, he was informed that on the date of the injury the defendant was infected with serum hepatitis. The court held that plaintiff's cause of action accrued on the date that the defendant dentist told him he was suffering from serum hepatitis and the suit was brought within one year of that date and was timely filed.

The defendant contends that *Foster v. Harris* is not applicable to this case as Mr. Foster was not put on notice by the diagnosis that he may have been the victim of a negligent act. Defendant further contends that Plaintiff could have discovered his identity and alleged activity by exercising due diligence and not delaying in taking the deposition of Bruce Baldwin.

Plaintiff further contends that summary judgment was inappropriate because whether she acted with reasonable diligence is a factual question, relying upon *Gosnell v. Ashland Chemical, Inc.*, 674 S.W.2d 737 (Tenn. App. 1984). In that case, plaintiff's decedent died of leukemia after thirty years employment exposure to various chemicals. Suit was filed more than one year after his death and defendant moved for summary judgment. Plaintiff responded with an affidavit that she did not learn about the possible connection between her husband's leukemia and his exposure to solvents and chemicals until she read a newspaper article which reported that a suit had been filed for the wrongful death of one of her deceased husband's co-workers, who had died of leukemia. This Court reversed the trial court's grant of summary judgment, holding that whether the widow could reasonably have been expected to discover the possible connection between her husband's exposure to chemicals and his fatal illness was a question of fact for the jury.

The middle section of this Court, speaking through Judge Cantrell, recently discussed *Foster v. Harris* and *Gosnell v. Ashland Chemical, Inc*. in *Steele  v. Tennessee Jaycees, Inc.,* No. 01-A-01-9505-CH-00214 (Tenn. App. Oct. 25, 1995), as follows:

> The delay in the discovery of the origin of Mr. Foster's serum hepatitis occurred because of the inherent difficulties involved in tracing the transmission of disease. Since such diseases may be contracted without negligence by any party, Mr. Foster was not put on notice by the diagnosis that he may have been the victim of a negligent act.
>
> The delay in the discovery that Mr. Merritt's[2] leukemia may have been due to occupational exposure to chemicals can be attributed to the imperfect state of medical knowledge about leukemia, and also to the lack of any link that would be obvious to laypersons, between the exposure and the illness. In both the *Foster* and *Gosnell* cases, the question of causation relied more upon expert knowledge than upon the common experiences of the ordinary person.
>
> Analysis of the facts of the above cases shows that the discovery rule was appropriately used to protect the rights of individuals who were not put on inquiry that the injury they suffered may have been caused by the negligence of others. The plaintiffs in the present case, however, cannot persuasively argue that they were not put on inquiry of possible negligence once they learned of Melvin Lee Steele's death.

---

[2]Mr. Merritt was the deceased husband of plaintiff Naomi Merritt Gosnell in *Gosnell v. Ashland Chemical*.

*Steele,* slip op. at 9-10.

Summary judgment is proper if it is shown there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Rule 56.03 T.R.C.P.  In determining whether or not a genuine issue of material fact exists, the court must consider the matter in the same manner as a motion for a directed verdict made at the close of plaintiff's proof, i.e., the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence.  If there is a dispute as to any material fact or any doubt as to the conclusions to be drawn from that fact, the motion must be denied.  ***Byrd v. Hall***, 847 S.W.2d 208 (Tenn. 1993).

Viewing the evidence in this record in the light most favorable to the plaintiff, Sharon Huffman was told by Edith Webb shortly after the accident that Ms. Huffman's daughter and Bruce Baldwin had been at her house and, that upon discovering Bruce Baldwin intoxicated, she told Bruce and Sherrie to stay there while she carried other teenagers home and when she returned they were gone.  Ms. Webb never mentioned to Ms. Huffman that they had been at anyone else's house, and particularly did not mention that they had been to the house of Harris Webb.  Ms. Huffman and her husband spoke with many friends of their daughter and inquired as to whether they knew where Sherrie was before she went to the home of Edith Webb.  No one they spoke with told them about Sherrie going to Harris Webb's house and this was not revealed in the investigation by Plaintiff's attorney.  Plaintiff did not become aware of any involvement on the part of Harris Webb until the deposition of Bruce Baldwin taken by her attorneys on August 17, 1989, more than two years after the accident.  An effort was made to add Harris Webb as a defendant immediately thereafter.

Notably absent from Plaintiff's affidavits is whether Plaintiff, or anyone in her behalf, made any effort to talk with Bruce Baldwin at any time between the date of the accident and the time of his deposition, or that they were in any way misled by any statements by Mr. Baldwin during this period of time, notwithstanding the fact that he was the driver of the vehicle and the one alleged to have been guilty of negligence which was a proximate cause of the accident.  According to the record before us, Baldwin was the only surviving witness to the accident.  Plaintiff contended at oral argument that Bruce Baldwin's deposition was taken within four months after his release from

prison. We find nothing in this record to support that contention. However, assuming arguendo that to be a fact, and assuming further that Baldwin was incarcerated, Plaintiff has failed to show any effort to depose Baldwin during his incarceration. *See* Rule 30.01 T.R.C.P. Plaintiff argues that the defendant has presented no evidence that Plaintiff failed to exercise due diligence. However, viewing the evidence in the record before us in the light most favorable to the plaintiff, we believe that it is clear that the plaintiff failed to exercise due diligence by delaying more than two years in taking the deposition of Bruce Baldwin. Any potential cause of action against Harris Webb accrued and the statute of limitations commenced to run when his involvement was discovered or, in the exercise of reasonable care and diligence, should have been discovered. The statute of limitations expired prior to the bringing of an action against Harris Webb.

The judgment of the trial court is affirmed. Costs of this appeal are taxed to the appellant for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
HIGHERS, J. (Concurs)